398 So.2d 471 (1981)
PALM BEACH LEISUREVILLE COMMUNITY ASSOCIATION, INC., Appellant,
v.
Pauline T. RAINES et al., Appellees.
No. 78-2670.
District Court of Appeal of Florida, Fourth District.
May 6, 1981.
Rehearing Denied June 12, 1981.
*472 Mark B. Schorr and Alan S. Becker of Becker, Poliakoff, Sachs & Streitfield, Fort Lauderdale, for appellant/cross appellee.
Edna L. Caruso, Wood, Cobb, Murphy & Craig, West Palm Beach, and Gunster, Yoakley, Criser & Stewart, Palm Beach, for appellees/cross appellants.
MOORE, Judge.
The appellant, defendant at trial, appeals an order which awarded attorneys fees to the appellees.
The appellant, Palm Beach Leisureville Community Association, Inc., (Association) is a maintenance management entity for an adult community made up of 1803 improved lots with single family homes and 502 condominium apartments, located in 21 separate condominium buildings. Each condominium building has a separate condominium association formed under individual declarations of condominium. The appellees are the representatives of the class of condominium unit owners who reside in the 21 condominium buildings.
In 1972, the appellees filed a class action on behalf of the condominium unit owners against the Association and 8 single family lot owners as class representatives of all the single family lot owners. The plaintiff class contended that the Association had improperly assessed the condominium unit owners for maintenance costs. Specifically, the plaintiff class contended that they were not responsible for a pro rata share of the cost of exterior building maintenance, lawn maintenance and sprinkler system maintenance and repair throughout the entire community. Rather they contended that they were only liable for the cost of such maintenance as it related to their own condominium buildings and surrounding grounds.
The trial court ruled that the condominium unit owners were being properly assessed. This Court reversed, however, agreeing with the contentions set forth by the plaintiff class. The case was remanded to the trial court for the purpose of determining the amount of the improper assessments. Raines v. Palm Beach Leisureville Community Association, 317 So.2d 814 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 1183 (Fla. 1976).
Upon remand, a special master found the condominium unit owners were overassessed in the amount of $303,762.40. The trial court subsequently adopted the special master's findings in this regard and entered a final judgment for this amount against the Association and the single family lot owners. A hearing was later held on the plaintiff class' claim for attorneys fees. The trial court eventually entered an award of attorneys fees in the amount of $180,000 and this order is the sole subject of this appeal.
The trial court awarded the plaintiff's attorneys fees on the authority of Section 718.303(1), Florida Statutes (1979), which states:
718.303 Obligations of owners. 
(1) Each unit owner and each association shall be governed by, and shall comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
(a) The association.
(b) A unit owner.
(c) Directors designated by the developer, for actions taken by them prior to the time control of the association is assumed by unit owners other than the developer.
(d) Any director who willfully and knowingly fails to comply with these provisions. *473 The prevailing party is entitled to recover reasonable attorney's fees. This relief does not exclude other remedies provided by law.
In other words, the trial court found that the plaintiffs, who were dwellers of condominium units, had prevailed in a suit against a "condominium association" within the meaning of Section 718.303(1). Appellant contends that the trial court erroneously construed the meaning of "association" as used in Section 718.303, and consequently, the trial court entered an award of attorneys fees that was not authorized by statute. We agree and reverse the order awarding attorneys fees.
Through the Association's articles of incorporation and a series of declarations of restrictions applicable to both the single family lot owners and the condominium unit owners, the Association has extremely broad powers and duties. It has the power to fix and collect maintenance assessments that pay for such services as a community wide sprinkler system, lawn maintenance, and building and road repair. The Association maintains and pays the taxes and insurance on all of the leased recreational facilities and common areas, and it has the power to approve or disapprove the planting of trees and shrubbery. It has the primary responsibility of insuring visual uniformity throughout the community and maintaining all of the exterior areas of the homes and condominium units. Significantly, it also has the power to approve or disapprove of all transfers of title.
The plaintiffs insist that the investment of these powers and duties in the Association bring it within the definition of "association" as used in Chapter 718, Florida Statutes (1979). Section 718.103(2), Florida Statutes (1979) defines association as "the corporate entity responsible for the operation of a condominium." Thus, the plaintiffs contend that since the Association was primarily responsible for the maintenance, repair, and regulation of virtually all of the property in the Leisureville development, it necessarily follows that the Association was an "association" within the meaning of Section 718.303(1). However, Section 718.103(9), Florida Statutes (1979) defines "condominium" as:
(9) "Condominium" means that form of ownership of real property which is created pursuant to the provisions of this chapter and which is comprised of units that may be owned by one or more persons, and there is, appurtenant to each unit, an undivided share in common elements.
We note that neither the improved lot owners nor the condominium building unit owners belong to an entity that was "created pursuant to the provisions of this chapter," i.e., Chapter 718 or its predecessor. At the time the Association was formed in 1969, Chapter 718 was not in existence. The pertinent condominium law at that time was found in Chapter 711, Florida Statutes (1969). Section 711.08 of that statute provided that a condominium could be created by filing a "declaration of condominium" in the county where the condominium is located. In regard to the Association, the only document that was ever filed was the articles of incorporation which established the purpose of the Association as a maintenance management entity. The articles were filed with the office of the Secretary of State, not in Palm Beach County. No declaration of condominium was filed to specify the powers of the Association thereunder. Although the condominium unit owners were organized into 21 separate condominium associations, the 1803 improved lot owners were never "condominiumized" as such. Aside from the declarations of restrictions which gave the Association the above-mentioned powers and duties, the improved lot owners held deeds to their property which were free of condominium-type restrictions. Simply stated, the improved lot owners were not subject to condominium ownership, and therefore the association was not "responsible for the operation of a condominium", at least as concerned those owners.
A condominium association derives its powers, duties and responsibilities from Chapter 718, Florida Statutes, and the declaration *474 of condominium and by-laws. Chapter 718 expressly sets forth what powers, duties and responsibilities a condominium association must have and exercise, and allows others which are not inconsistent with the Chapter. In contrast, the appellant Association derives its powers from its articles of incorporation and the series of declarations of restrictions governing the single family improved lots and the condominium units. It is organized for the purpose of performing certain functions for the benefit of a planned community. It is not responsible for the operation of any of the 21 condominiums. With respect to the condominium buildings, its responsibility is limited to the exterior maintenance, and unlike a condominium association, it does not have the irrevocable right of access to each unit for repair or protection of the common elements, § 718.111(5); it does not have the power to lease the common elements, or to maintain or make repairs to the common elements beyond the exterior surfaces of the buildings, § 718.111(6); it does not have the power to purchase units in any condominium and hold, convey, lease or mortgage them, § 718.111(8); it is not required to maintain any insurance to protect the common elements of any of the condominiums, § 718.111(9); and it does not have the power to purchase the recreation lease to which all residents of the project are bound. § 718.111(12). All of these powers and duties are exercised by the condominium associations, not the appellant.
We are persuaded by the very language contained in the declarations of restrictions. Paragraph 9 of the declaration of restrictions pertaining to the condominium apartment unit states:
DEVELOPER shall cause the LOT to be made subject to the condominium form of ownership as provided by Chapter 711, Florida Statutes, said condominium to consist of one two-story apartment building containing twenty-four (24) APARTMENTS. The condominium is to be constructed and maintained under the Palm Beach Leisureville plan of community-wide maintenance applicable throughout the PROJECT AREA. (Emphasis added).
The declarations of restrictions applicable to the improved lot owners do not express a similar intent to subject the improved lots to a condominium form of ownership. Thus, although the declarations of restrictions apply equally to the apartment unit owners and the improved lot owners, only the former group was subject to formalized declarations of condominium. Under such circumstances, it would be absurd and patently unfair to require the improved lot owners to pay a pro rata share of the attorneys fees, which were assessed under the authority of a condominium statute, when those owners did not contemplate participation in the condominium way of life when they purchased their homes. We therefore hold that the improved lot owners did not take title to their property as "condominium" unit owners, and thus, the appellant Association was not an "association" within the meaning of Section 718.103(2) and Section 718.303(1). The only condominium associations existent in this case were the 21 individual condominium associations which had the primary responsibility of operating the 21 individual condominium buildings in Leisureville. These associations were never made parties to the instant litigation.
Attorneys fees statutes are in derogation of the common law and must be strictly construed. Great American Indemnity Corp. v. Williams, 85 So.2d 619 (Fla. 1956); Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34 (Fla. 1975). Since we find that appellant is not an "association" within the meaning of Chapter 718, Florida Statutes (1977), we must also find that they are not liable for attorneys fees. If an entity such as appellant is to be responsible for such fees, it is a matter for legislative determination. The order awarding attorneys fees to the plaintiff class is reversed.
Appellant raises other arguments to defeat the award of attorneys fees which we do not feel necessary to discuss at this time. Appellees (condominium unit owners) also cross-appeal the inadequacy of the amount of attorneys fees awarded by the trial court. Since we have held that the appellant *475 is not obligated for any attorneys fees, we need not address this issue.
REVERSED.
DOWNEY and ANSTEAD, JJ., concur.