409 So.2d 193 (1982)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Patti Hall, Appellee.
No. 81-31.
District Court of Appeal of Florida, Third District.
February 2, 1982.
*194 Leonard Helfand, Miami, for appellant.
Steven Lubow, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals the award of attorney's fees entered against it and in favor of the appellee, Patti Hall, by the Career Service Commission (Commission). We affirm.
The question presented to this court is whether the Commission may award attorney's fees to a career service employee when her employer voids an appealed disciplinary action after the Commission has accepted the appeal, but before the date set for hearing the matter. The facts are, for the most part, undisputed.
Ms. Hall was employed by HRS as an administrative assistant at the Sunland Training Center in Miami. HRS suspended her from her position for a period of three days[1] effective December 3, 1979. Ms. Hall retained counsel who timely perfected an appeal to the Commission, as authorized by Section 110.309, Florida Statutes (1979). On December 28, 1979, the Commission accepted the grievance and set it for hearing on May 5, 1980. On April 21, 1980, Ms. Hall's attorney submitted a witness list which, under the Commission's rules, triggers the issuance of subpoenas which compel the attendance of prospective hearing witnesses. Just one week later, and only a week before the scheduled hearing date, counsel for HRS advised Ms. Hall's attorney and the Commission that the suspension had been voided and that Ms. Hall had been reinstated with full back pay.[2] HRS confirmed the attorney's advice on May 6, 1980.
In the meantime, on May 5, 1980, Ms. Hall's attorney appeared before the Commission and requested that it retain jurisdiction to determine and award attorney's fees to Ms. Hall. The authority and propriety of the Commission to do so was then litigated before the Commission on petition filed by HRS and Ms. Hall's response thereto. The Commission's order denying HRS' petition had the effect of construing Section 110.309(5), Florida Statutes (1979) and Florida Administrative Code Rule 22M-2.11 as empowering the Commission to retain jurisdiction over the proceeding in order to determine and award attorney's fees. After an evidentiary hearing, the Commission *195 entered an order denying a motion by HRS to dismiss for mootness and granting attorney's fees on behalf of Ms. Hall; which order HRS appeals.
Section 110.309(5), supra, authorizes the Commission to award "reasonable attorney's fees, witness fees, and other out of pocket expenses incurred during the prosecution of an appeal against an agency in which the commission sustains the employee." HRS argues that this provision requires some form of "on the merits" determination by the Commission before attorney's fees may be awarded. This argument must fall. HRS cannot withdraw its disciplinary action virtually on the eve of the appeal hearing, obviating a decision on the merits, and then be heard to complain that the lack of such a decision renders an award of attorney's fees improper.
Rule 22M-2.11 promulgated by the Commission provides that the Commission may award attorney's fees and costs "incurred during an appeal in which the employee prevails." This construction harmonizes with other statutory provisions authorizing the award of attorney's fees. Under these statutes, attorney's fees may be awarded even where a party has taken a voluntary dismissal. Dolphin Towers Condominium Association, Inc. v. Del Bene, 388 So.2d 1268 (Fla.2d DCA 1980) [construing Section 718.303(1), Florida Statutes (1979)]; MacBain v. Bowling, 374 So.2d 75 (Fla.3d DCA 1979) [construing Section 713.29, Florida Statutes (1975)]; Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976) [construing Section 57.105, Florida Statutes (1975)]. Therefore, a merits determination is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the party who prevails.
The use of the word "prevails" in Rule 22M-2.11 is entitled to great weight. The contemporaneous construction placed upon the statute by officials charged with the duty of enforcing it should not be disregarded or overturned by the courts except for the most cogent reasons and unless clearly erroneous. United States Gypsum Company v. Green, 110 So.2d 409 (Fla. 1959); Miami Beach First National Bank v. Dunn, 85 So.2d 556 (Fla. 1956); ABC Liquors, Inc. v. Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, 397 So.2d 696 (Fla.1st DCA 1981); State Farm Mutual Automobile Insurance Company v. Kilbreath, 362 So.2d 474 (Fla.4th DCA 1978).
The Commission's construction of its own rule is not clearly erroneous. The purpose and legislative intent of allowing aggrieved employees attorney's fees and other costs under Section 110.309(5), supra, is to place them on parity with their agency-employer and render the employees financially whole when they vindicate[3] their rights before the Commission.
In the case at bench, HRS voluntarily and unilaterally annulled all disciplinary action taken against Ms. Hall, thus granting her all the relief she could have obtained before the Commission, except, of course, the award of attorney's fees and costs. Since HRS could not unilaterally dismiss the appeal that Ms. Hall had taken against it, the Commission properly maintained jurisdiction over the appeal for purposes of determining the award.[4] Ms. Hall prevailed in her appeal to the Commission and was entitled to attorney's fees under Section 110.309(5), supra, and Rule 22M-2.11.
Affirmed.
NOTES
[1] Thus arises the only disputed fact, one not relevant to our inquiry. Appellee maintained in the proceedings below, and in its appellate brief, that the suspension was for a period of five days. On the other hand, HRS referred below to a three-day suspension, as did the Commission in its order granting attorney's fees.
[2] Subsequently, HRS agreed to purge Ms. Hall's employment file of all reference to the suspension.
[3] Board of Regents v. Coffey, 378 So.2d 52 (Fla.1st DCA 1979), relied upon by HRS, is readily distinguishable from the present controversy. In that case, Coffey was fired by the Board of Regents for stealing. On appeal, the Commission found him not guilty of theft but nonetheless guilty of violating the university's regulations, for which his dismissal was reduced to a six-month suspension without pay. On those facts, our sister court held that the Commission had not sustained Coffey's position. Consequently, he was not entitled to attorney's fees under Section 110.309(5).
[4] The amount of the award is not challenged here.