411 So.2d 1356 (1982)
Reinaldo L. DEL VALLE, Appellant,
v.
BILTMORE II CONDOMINIUM ASSOCIATION, Inc., a Florida Not for Profit Corporation, Appellee.
No. 81-810.
District Court of Appeal of Florida, Third District.
April 6, 1982.
*1357 Kenny, Nachwalter & Seymour and Brian F. Spector, Miami, for appellant.
Lee H. Schillinger, Coral Gables, for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Biltmore II Condominium Association filed a complaint against Reinaldo Del Valle (unit owner) seeking enforcement of a provision of the declaration of condominium which provided that persons under the age of 12 years shall not permanently reside in the condominium. The complaint sought a temporary and permanent injunction requiring Del Valle to conform to the declaration of condominium, attorney's fees and costs. Del Valle answered the complaint with specific denials, alleged a variety of affirmative defenses, and demanded trial by jury. During the course of litigation, Del Valle filed a motion to dismiss based on mootness. The basis for the suggestion of mootness was that the child in question no longer was living in the condominium unit. The trial court granted the motion over the objection of the Association and reserved jurisdiction on the issue of attorney's fees and costs. Significantly, no appeal was taken from that order by the Association. Thereafter, the trial court awarded attorney's fees and costs pursuant to Section 718.303(1), Florida Statutes (1979). It is from that judgment which Del Valle appeals. We reverse.
The Condominium Association bases its claim for attorney's fees and costs on the theory that it was the prevailing party, even though no merits determination was ever made on its complaint. Attorney's fees statutes are in derogation of the common law and must be strictly construed. Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34 (Fla. 1975); Great American Indemnity Company v. Williams, 85 So.2d 619 (Fla. 1956); Palm Beach Leisureville Community Association, Inc. v. Raines, 398 So.2d 471 (Fla. 4th DCA 1981); Dolphin Towers Condominium Association, Inc. v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980). While we agree that "a merits determination is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the party who prevails," Department of Health and Rehabilitative Services v. Hall, 409 So.2d 193 (Fla. 3d DCA 1982), that is not the case here. In Department of Health and Rehabilitative Services v. Hall, supra, control of the litigation was in the hands of the complainant, H.R.S. On the eve of trial, H.R.S. obviated a decision on the merits by restoring the employee to her prior position with full back pay. Further, the Commission denied a dismissal for mootness. In the case sub judice the Association did not receive the relief it was seeking; specifically, no temporary or permanent injunction ever issued.
*1358 The appropriateness of injunctive relief in the enforcement of regulations contained in a declaration of condominium is well-established in Florida law. White Egret Condominium, Inc. v. Franklin, 379 So.2d 346 (Fla. 1979); Hidden Harbour Estates, Inc. v. Basso, 393 So.2d 637 (Fla. 4th DCA 1981); Fifty-six Sixty Collins Avenue Condominium, Inc. v. Dawson, 354 So.2d 432 (Fla. 3d DCA 1978); Pepe v. Whispering Sands Condominium Association, Inc., 351 So.2d 755 (Fla. 2d DCA 1977).
Age restrictions in a declaration of condominium, however, are subject to the test laid down by our Supreme Court in White Egret.
We do recognize, however, that these age restrictions cannot be used to unreasonably or arbitrarily restrict certain classes of individuals from obtaining desirable housing. Whenever an age restriction is attacked on due process or equal protection grounds, we find the test is: (1) whether the restriction under the particular circumstances of the case is reasonable, and (2) whether it is discriminatory, arbitrary, or oppressive in its application. White Egret, supra, at 351.
The Supreme Court went on to find that the Association in White Egret was estopped from selectively enforcing an age restriction and, thus, the restriction was not capable of judicial enforcement.
Where, as here, the unit owner denies each and every material allegation in a complaint for injunctive relief and, additionally, interposes affirmative defenses including defenses of selective and discriminatory enforcement and estoppel, which, if proved at time of trial, would have precluded the Association from obtaining the relief requested, we have no basis for concluding that the Association was the prevailing party where the dismissal for mootness was unrelated to the merits of the case.[1]
Reversed.
NESBITT, Judge (dissenting):
The majority opinion acknowledges that the issue became moot when the child left the condominium. When Del Valle procured the order of dismissal based on his own motion to dismiss for mootness, he tacitly conceded that the child was not coming back to live in the unit.
*1359 The majority's preoccupation with the viability of Del Valle's claim here that he did not have an opportunity to litigate the affirmative defense (that the covenant prohibiting young children from living in the condominium was being enforced on a selective and discriminatory basis) is misplaced; it allows Del Valle to maintain inconsistent positions. In United Contractors, Inc. v. United Construction Corp., 187 So.2d 695 (Fla. 2d DCA 1966), the court stated:
"Equitable estoppel" precludes a person from maintaining a position inconsistent with another position which is sought to be maintained at the same time or which was asserted at a previous time; and, as a general rule where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim or right, he cannot afterward assume a position inconsistent with such act or conduct to the prejudice of another who has acted in reliance on such conduct. The doctrine requires of a party consistency of conduct, when inconsistency would work substantial injury to the other party.
187 So.2d at 701. See also Hodkin v. Perry, 88 So.2d 139 (Fla. 1956); Lyle v. Hunter, 102 Fla. 972, 136 So. 633 (1931). Consequently, Del Valle cannot be permitted to maintain his affirmative defense where it is contrary to his motion to dismiss.
The trial court was well within its discretion in awarding attorney's fees to the association. In the present case, the matter had been in litigation for a year and a half. Two weeks before the trial on the merits, the defendant procured the order determining that the matter was moot  a matter which he has now conceded for the purpose of this litigation.
Del Valle's last minute attempt to withdraw his motion to dismiss (which was denied) does not prevent equitable estoppel from operating in this case. The inconsistent position was created by Del Valle's actions and cannot be erased by his thoughts. If Del Valle was serious about asserting his affirmative defense, he should have appealed the denial of his ore tenus motion to withdraw his motion to dismiss. It is obvious that Del Valle is not concerned with vindicating his right to maintain children in his condominium  his interest was in something even "closer to home"  his pocketbook.
I would affirm the order awarding fees, based upon the written agreement which created the obligation, under the rationale of the cases cited in the majority opinion.
NOTES
[1] In response to the dissent, it is enough to say that the following transpired at the hearing on attorney's fees:

"[Del Valle's Counsel]: I want to ask you one question, Mr. Del Valle: Why did the mother and child move out?
"[Del Valle]: Because the mother and I had differences and she separated from me and took residence on her own.
"[Del Valle's Counsel]: Did it have anything to do with this lawsuit?
"[Del Valle]: No, sir. She would still be with me.
"[Biltmore's Counsel]: Objection, Your Honor, this is totally outside of the record and I move that it be stricken.
"THE COURT: Sustained, sustained.
"[Del Valle's Counsel]: I have no further questions.
"THE COURT: All right. Do you have any questions?
"You may step down.
"[Del Valle's Counsel]: Your Honor, I would like to say at this time, if your Honor is making the determination as a matter of law, that you made with respect to Mr. Del Valle, that I think I have the right to withdraw my motion to dismiss on mootness and ask for a trial on the merits because if I can establish that that was not  Your Honor, I think I can win this lawsuit.
"Now, what I did, if I may, Your Honor is, I moved to dismiss based on mootness. That mother and child moving out had nothing to do with this lawsuit.
"Now, if Your Honor is going to make this man pay attorney's fees, then I want a trial on the merits and I am entitled to a trial on the merits because I am going to win this case and I ask for a jury trial.
"Now, for Your Honor to make that determination and not give me a trial on the merits, I think is totally unfair.
"THE COURT: All right.
"[Del Valle's Counsel]: Now, I would like to withdraw the motion to dismiss and let's set this case for trial and file it.
"[THE COURT]: The motion to withdraw the motion to dismiss is denied.
"The Court is ready to rule.
"The judgment of the Court is that counsel is entitled to and is hereby awarded the sum of $4,100 for attorney's fees in this matter."
Thus, Del Valle's position was perfectly consistent  since my child is no longer with me, the litigation is not worth fighting about, but if dismissal means having to pay fees to the association, then let's see who will prevail.