PER CURIAM.
Dade County Circuit Court Administrative Order 79-9 which creates seven county court districts within separate geographical boundaries is not jurisdictional in nature, and a Petition for Writ of Prohibition by the landlord will not lie to discontinue the trial of a landlord-tenant action which was commenced by the landlord in the wrong county court. Jurisdiction, the inherent power of the county court to decide a landlord and tenant case, is fixed by statute. Section 34.011, Fla.Stat. (1981). The administrative order in question merely assigns the place where a county court may determine the case, and, so, is a designation of venue, which can be waived, as by a failure to make a timely objection. Tucker v. State, 417 So.2d 1006 (Fla. 3d DCA 1982).
The prohibition proceeding arose out of an action to enforce the rental agreement, which agreement contains a provision allowing attorney’s fees to the landlord. Because the tenants/appellees are the prevailing parties, they are entitled to a reasonable attorney’s fee, Section 83.48, Florida Statutes (1981), the amount of which is to be determined by the Appellate Division of the Circuit Court — the court having original jurisdiction over the Petition for Writ of Prohibition.
Affirmed and remanded for further consistent proceedings.