458 So.2d 364 (1984)
51 ISLAND WAY CONDOMINIUM ASSOCIATION, INC., a Non-Profit Florida Corporation, Appellant,
v.
Donald J. WILLIAMS and Sharon E. Williams, His Wife, and Glenn Cowell and Mary Cowell, His Wife, Appellees.
No. 84-247.
District Court of Appeal of Florida, Second District.
October 24, 1984.
*365 Peter T. Roman and Peter M. Dunbar of Dunbar, Dunbar, Roman, Anderson & Schafer, P.A., Dunedin, for appellant.
James R. Case and Martha Kimball of Case, Kimpton & Burke, P.A., Clearwater Beach, for appellees.
GRIMES, Acting Chief Judge.
The appellant, 51 Island Way Condominium Association, Inc., seeks review of a final order dismissing its complaint on the ground of mootness and denying its request for attorney's fees and costs.
Appellees Donald J. and Sharon E. Williams owned unit 1010 of 51 Island Way Condominium. In October 1981, they entered into negotiations to sell a one-third interest in their unit to appellees Glenn and Mary Cowell. The association objected to this sale as violative of various provisions of the declaration of condominium. Despite its protest, the sale was completed by December 1981.
On January 11, 1982, the association filed suit against appellees seeking declaratory and injunctive relief and requesting monetary damages and attorney's fees. The complaint alleged that the appellees had not complied with the declaration provisions in that they had not provided the mandatory thirty-day written notice to the association prior to the transfer; that they had not furnished adequate information concerning the transfer to the association; and they had not given the association sufficient time to act under the notice provision. The association also asserted that the conveyance of a one-third interest constituted an attempt to create a time-sharing unit contrary to the declaration and state law. Appellees filed an answer and counterclaim, contending that certain regulations of the association were unreasonable and that they had been denied full access to their unit.
On November 21, 1982, immediately before the non-jury trial was to commence, appellees' attorney orally moved to dismiss the cause for mootness. He explained that because the Cowells had reconveyed their interest by quitclaim deed to the Williams', the issues of the case were rendered moot. The court ordered that when appellees submitted their written motion, they were to attach a copy of the deed to verify the transfer. Soon after, the court entered an order dismissing the case on the ground that the action and relief sought in the association's original complaint were rendered moot by appellees' voluntary actions. The court also directed that each party bear the expense of its own costs and attorney's fees. On rehearing, the association pointed out that the warranty deed finalizing the reconveyance was not dated until November 30, 1982, nine days after the court hearing. Thus, the deed was not in existence at the trial date, and as a result the issues were not moot at that time. Unpersuaded by this argument, the lower court denied the motion, after which the association appealed.
Upon considering the record and the oral arguments of counsel, we accept the lower court's determination of the mootness of the issues at the time of trial. The fact that the deed was not executed until several days later does not mandate a contrary result. Therefore, we do not address this matter further. We are concerned, *366 however, about the denial of the association's motion for attorney's fees and costs.
On appeal, the association asserts that it is entitled to attorney's fees as the prevailing party pursuant to sections 57.105 and 718.303, Florida Statutes (1981), and a provision of the declaration of condominium. The association argues that appellees' conduct necessitated the suit, and that their last minute voluntary agreement of reconveyance was a tacit acknowledgment that the association's position would have prevailed at trial. In response, appellees dispute the fact that their transfer of the interest was an admission that the association was right. Absent a disposition of the case, neither side could emerge as the "prevailing party." Thus, the association was not entitled to an award of fees under statute or the declaration.
We begin by noting that there need not be a determination on the merits in a lawsuit for purposes of a fee award if the applicable statutory provision provides for fees to a "prevailing party." State, Department of Health & Rehabilitative Services v. Hall, 409 So.2d 193 (Fla. 3d DCA 1982).[1] After entry of a voluntary dismissal, attorney's fees can be awarded to the so-called prevailing party under statutory provision where the case was not resolved on the merits. Dolphin Towers Condominium Association, Inc. v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980); MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979); Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976); Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. 3d DCA 1975); Jackson v. Hatch, 288 So.2d 564 (Fla. 2d DCA 1974).
In Dolphin Towers we examined the term "prevailing party" in the context of section 718.303(1), Florida Statutes (1979), the Condominium Act, a provision also relied upon by the association herein. There we held that in an action filed pursuant to the act, a prevailing party includes a defendant against whom a voluntary dismissal is taken for the purpose of recovery of fees. In that case the defendant association had had to incur fees in asserting its meritorious defense, in preparing for trial, and in participating in trial before the suit was voluntarily dismissed by the plaintiff unit owners. We indicated our belief that the legislature had that type of situation in mind, as well as the case in which a defendant would prevail on the merits, when it provided for the statutory award of fees to the prevailing party. We directed that attorney's fees be awarded to the condominium association.
The association herein was compelled to bring suit for relief, prepare for trial, and had to participate up to the point of engaging in litigation. Appellees had maintained certain affirmative defenses and a counterclaim for a period of almost a year. Rather than act on an earlier date, they made their oral motion of dismissal on the day of trial, evincing their deliberate choice not to contest the association's position. One clear result of their timing was to seek to avoid the possible imposition of the association's costs and attorney's fees. Yet, in essence, the association had prevailed because the effect of appellees' reconveyance was to accede to the association's request for relief. Thus, we hold that the association was entitled to attorney's fees under the applicable statute and declaration provision.
We find Del Valle v. Biltmore II Condominium Association, 411 So.2d 1356 (Fla. 3d DCA 1982), relied upon by the trial court, to be distinguishable. That case concerned a lawsuit filed by a condominium association against a unit owner for violation *367 of a condominium declaration provision that a child under twelve years of age could not permanently reside in the condominium. In the midst of trial, the owner moved to dismiss the case for mootness since the child had already moved from the unit. Granting dismissal, the trial judge then awarded fees to the association. Our sister court reversed on the premise that neither party had prevailed in the cause.[2] As the predicate for its decision, the court pointed to evidence before the trial court that the child had moved from the condominium because of a separation of his parents rather than because of the lawsuit. The unit owner's attorney tried to withdraw his motion to dismiss for mootness and have the case tried when faced with the prospect of an award of attorney's fees against his client. Thus, the appellate court reasoned that the dismissal for mootness had been "unrelated to the merits of the case," and that given the opportunity to litigate his affirmative defense, the unit owner might well have prevailed over the association.
Unlike Del Valle, there is nothing in this record which suggests that appellees' motion to dismiss was not related to the merits of this case. The case was rendered moot by a volitional act of the appellees, rather than a circumstance beyond their control. By transferring their condominium interest, appellees avoided challenging the association's position but provided the relief it sought. The association should be reimbursed for its attorney's fees under section 718.303 and the declaration of condominium as well as for its costs.
We affirm the order of dismissal but remand the case for the award of reasonable attorney's fees and costs to the appellant.
SCHEB and CAMPBELL, JJ., concur.
NOTES
[1] Appellees cite Steinhardt v. Eastern Shores White House Association, Inc., 413 So.2d 785 (Fla. 3d DCA 1982), for the proposition that in order for a party to prevail for the purpose of assessing fees under section 57.105, there must be a final disposition of the action. We note, however, that this position has not been uniformly adopted even within the third district itself. See McKelvey v. Kismet, Inc., 430 So.2d 919 (Fla. 3d DCA 1983) (Ferguson, J., dissenting).
[2] In dissent, Judge Nesbitt pointed out that the owner had "tacitly conceded" the association's position since the child had not returned to live in the unit. Judge Nesbitt would have affirmed the award, concluding that the owner's actual concern for his pocketbook outweighed his apparent concern for his due process rights.