474 So.2d 392 (1985)
METROPOLITAN DADE COUNTY, Appellant,
v.
Herbert EVANS, Jr., Appellee.
No. 85-568.
District Court of Appeal of Florida, Third District.
August 20, 1985.
*393 Robert A. Ginsburg, County Atty. and Roy Wood, Asst. County Atty., for appellant.
Richard L. Katz, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HENDRY, JJ.
SCHWARTZ, Chief Judge.
The trial court held that the appellee, a police officer who was joined as a co-defendant with his employer, Dade County, in a civil damage action arising out of his official duties, had "prevailed" when the case against him was dismissed with prejudice pursuant to a settlement effected by the county, and that he was therefore entitled to reimbursement of his attorney's fees under section 111.07, Florida Statutes (1983).[1] See generally, Nuzum v. Valdes, 407 So.2d 277 (Fla. 3d DCA 1981). Since the dismissal operated to terminate finally any proceeding against the officer, see Sacks v. Rickles, 155 So.2d 400 (Fla. 3d DCA 1963), and, as we held in State Department of Health and Rehabilitative Services v. Hall, 409 So.2d 193, 195 (Fla. 3d DCA 1982), "a merits determination is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the party who prevails", the order is
Affirmed.
NOTES
[1] The section provides:

Any agency of the state, or any county, municipality, or political subdivision of the state, is authorized to provide an attorney to defend any civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action of any of its officers, employees, or agents for an act or omission arising out of and in the scope of his employment or function... . If any agency of the state or any county, municipality, or political subdivision of the state is authorized pursuant to this section to provide an attorney to defend a civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action of any of its officers, employees, or agents and fails to provide such attorney, such agency, county, municipality, or political subdivision shall reimburse any such defendant who prevails in the action for court costs and reasonable attorney's fees.