476 So.2d 1342 (1985)
James E. SIMMONS, As Personal Representative of the Estate of Ella Simmons, Deceased, Appellant,
v.
Lawrence SCHIMMEL, M.D., Appellee.
No. 85-403.
District Court of Appeal of Florida, Third District.
October 8, 1985.
Rehearing Denied November 13, 1985.
*1343 High, Stack, Lazenby, Palahach & Lacasa and Robert Tilghman, Coral Gables, for appellant.
Burt E. Redlus, Miami, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
NESBITT, Judge.
The plaintiff appeals an order awarding attorney's fees following his voluntary dismissal of a wrongful death action against the defendant-appellee. We reverse.
A wrongful death action was filed by the plaintiff alleging medical malpractice in the care and treatment rendered by Baptist Hospital of Miami and certain other defendants, including Lawrence Schimmel, M.D., the appellee herein. After extensive discovery was had, the cause was set for trial on December 6, 1982. Prior to empaneling the jury, the plaintiff voluntarily dismissed, without prejudice, all the defendants except Baptist Hospital. This was allegedly a strategic move on the part of the plaintiff in an attempt to reduce the possibility of jury confusion from multiple defendants.
Subsequently, the defendant-appellee filed a motion seeking attorney's fees pursuant to section 768.56, Florida Statutes (1981) and section 57.105, Florida Statutes *1344 (1981). The trial court determined that the defendant-appellee was entitled to attorney's fees and on January 21, 1985 awarded them in the amount of $17,362.50 against the plaintiff.[1] This appeal followed.
The statute in chapter 768 provides in pertinent part:
Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization... . [emphasis added]
§ 768.56, Fla. Stat. (1981). The Florida supreme court has recently acknowledged that the intent of the legislature in passing this statute was to discourage nonmeritorious medical malpractice claims. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1147 (Fla. 1985). See ch. 80-67, Laws of Fla. Keeping the purpose of section 768.56 in mind, the sole issue in the present medical malpractice case is whether the defendant-appellee is a "prevailing party" within the meaning of the statute.[2] We find that he is not and reverse the award.
One well-established rule of construction is that when a statute does not specifically define words of common usage, such words are to be construed in accordance with their plain and ordinary meaning. See State v. Cormier, 375 So.2d 852 (Fla. 1979); State v. Stewart, 374 So.2d 1381 (Fla. 1979); Graham v. State, 362 So.2d 924 (Fla. 1978). The term "prevailing party" has been defined as:
The party ultimately prevailing when the matter is finally set at rest... . To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who has made a claim against the other, has successfully maintained it.
Black's Law Dictionary 1069 (5th ed. 1979). Thus, the plain and ordinary meaning of "prevailing party" requires that there be some end or finality to the litigation on the merits.
In rendering this decision we are mindful of our pronouncement in State, Department of HRS v. Hall, 409 So.2d 193, 195 (Fla. 3d DCA 1982), that "a merits determination is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the party who prevails." We point out, however, that in Hall and the cases that have quoted this passage and upheld fee awards, there has been an actual end to the litigation on the merits so that it could be determined whether or not the party had "prevailed." See Hall, 409 So.2d at 195 (noting that HRS voluntarily and unilaterally annulled all disciplinary action taken against the employee, thus granting her all the relief she could have obtained before the Career Service Commission, this court concluded that the employee had "prevailed in her appeal to the Commission" and upheld the award of attorney's fees awarded pursuant to section 110.309(5), Florida Statutes (1979), and Florida Administrative Code Rule 22M-2.1). See also Metropolitan Dade County v. Evans, 474 So.2d 392 (Fla. 3d DCA 1985) (this court upheld an award of fees pursuant to section 111.07, Florida Statutes (1983), in favor of the appellee, where the case against him was dismissed with prejudice pursuant to a settlement effected by Dade County, a codefendant, since "the dismissal operated to terminate finally any proceeding against the [appellee]"); 51 Island Way Condominium Association v. Williams, 458 So.2d 364 (Fla. 2d DCA 1984) (where condominium association filed suit against unit owner to have the sale of a one-third interest in a unit set aside, and case was dismissed for mootness when the *1345 interest was reconveyed to the unit owner, the court upheld the fee award to the association pursuant to section 718.303, Florida Statutes (1981), finding that "in essence, the association had prevailed because the effect of appellees' reconveyance was to accede to the association's request for relief"). Thus, although a formal merits determination is not necessary to support a fee award made pursuant to a statute allowing the award to the prevailing party, there must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed.[3]
The present case is analogous to Del Valle v. Biltmore II Condominium Association, 411 So.2d 1356 (Fla. 3d DCA 1982), wherein this court reversed an attorney's fee award. In Del Valle the condominium association filed suit seeking enforcement of a provision in the declaration of condominium which prohibited persons under the age of twelve years to permanently reside in the condominium. The defendant answered the complaint raising a variety of affirmative defenses and demanded a jury trial. Prior to the trial, the case was dismissed as moot because the child was no longer living in the condominium. Thereafter, the trial court awarded attorney's fees to the association pursuant to section 718.303(1), Florida Statutes (1979).[4] This court reversed, holding:
Where, as here, the unit owner denies each and every material allegation in a complaint for injunctive relief and, additionally, interposes affirmative defenses including defenses of selective and discriminatory enforcement and estoppel, which, if proved at time of trial, would have precluded the Association from obtaining the relief requested, we have no basis for concluding that the Association was the prevailing party where the dismissal for mootness was unrelated to the merits of the case. [footnote omitted]
411 So.2d at 1358.
Likewise, in the present case, there is no basis to conclude that the defendant-appellee is the prevailing party. The plaintiff had an expert witness who would have given testimony tending to establish liability on the part of the defendant-appellee. The affidavit and deposition testimony of the plaintiff's expert indicated that the defendant-appellee's diagnosis and treatment of the plaintiff's decedent fell below the standard of care expected in the community. Furthermore, as in Del Valle, the plaintiff insists that the voluntary dismissal was not related to the merits of the case, but rather was a strategic move to avoid jury confusion. There is nothing in the record which refutes this claim and the defendant-appellee has not argued otherwise. Accordingly, the fee award cannot be upheld under section 768.56.
The defendant-appellee also requested fees pursuant to section 57.105, Florida Statutes (1981). This section provides for the award of attorney's fees to a prevailing party where "the court finds that there *1346 was a complete absence of a justiciable issue of either law or fact raised by the losing party."[5] Since the discovery depositions clearly indicate there was an issue as to whether the defendant-appellee's diagnosis and treatment fell below the standard of care expected in the community, attorney's fees could not have been properly awarded under this section either. See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). Further, the defendant-appellee has presented no argument on appeal in support of the fee award under this section.
Accordingly, since there is no basis to conclude that the defendant-appellee was the prevailing party where the plaintiff's voluntary dismissal was without prejudice to reinstituting the suit[6] and was unrelated to the merits of the case, the order awarding attorney's fees must be and is reversed.
NOTES
[1] The trial court did not specify under which statute the fees were awarded. Therefore, we review the order under both statutes.
[2] This issue was not presented in Rowe where the plaintiff-patient clearly "prevailed" by obtaining a final judgment in her favor.
[3] We note that the line of cases emanating from Gordon v. Warren Heating & Air Conditioning, 340 So.2d 1234 (Fla. 4th DCA 1976) are not applicable in the present case. The attorney's fee statute involved in Gordon expressly provided that the fees were to be taxed as costs. See § 713.29, Fla. Stat. (1975). The attorney's fee statute involved in the present case does not contain a provision making the fees a part of costs. See § 768.56, Fla. Stat. (1981). Since the attorney's fees in the present case are not made a part of costs by the statute, they are not taxable costs under Rule 1.420(d), see Wiggins v. Wiggins, 446 So.2d 1078 (Fla. 1984); Bankers Multiple Line Insurance Co. v. Blanton, 352 So.2d 81 (Fla. 4th DCA 1977), and Gordon and its progeny are not applicable.
[4] This section provides in pertinent part:

Each unit owner and each association shall be governed by, and shall comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association by-laws. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
....
(b) A unit owner.
....
The prevailing party is entitled to recover reasonable attorney's fees. This relief does not exclude other remedies provided by law. [emphasis added]
§ 718.303(1), Fla. Stat. (1979).
[5] We note that if a court makes a finding that there is a complete absence of a justiciable issue of either law or fact and awards fees under this section, it has, in effect, made a merits determination, thus making the party being awarded fees a "prevailing party." See Steinhardt v. Eastern Shores White House Association, 413 So.2d 785, 786 (Fla. 3d DCA 1982) ("There can be no finding that there is a complete absence of a justiciable issue of either law or fact unless the merits of the controversy have been passed upon on the pleadings or proof, or both....").
[6] We note that if this had been a second voluntary dismissal by the plaintiff it would have operated "as an adjudication on the merits," Fla.R.Civ.P. 1.420(a)(1), and a different case would have been presented.