DANIEL S. PEARSON, Judge,
dissenting.
Borrowing a page — or at least a phrase — from Simmons v. Schimmel, 476 So.2d 1342, 1345 (Fla. 3d DCA 1985), the plaintiffs claim that their “voluntary dismissal was not related to the merits of the case, but rather was a strategic move to avoid jury confusion.” This court in Simmons, recognizing that the Legislature passed the attorneys’ fee provision “to discourage nonmeritorious medical malpractice claims,” 476 So.2d at 1344, struck an attorneys’ fee award where there was ample evidence “tending to establish liability,” and an undisputed, contention that the voluntary dismissal was merely a strategic move unrelated to the merits of the case. In sharp contrast, in the present case there is no such evidence “tending to establish liability,” and the “strategic move” assertion is strenuously disputed. Thus, the case before us appears to be the very sort of nonmeritorious medical malpractice claim the attorneys’ fee provision sought to prevent.
The record on appeal shows that the complaint against St. Francis Hospital, Inc. was filed in November 1982 on the eve of the running of the statute of limitations. Over two years of discovery ensued, and in January 1985, St. Francis moved for summary judgment, noticing the motion to be heard on April 15, 1985. Four days before the scheduled hearing, the plaintiffs filed their voluntary dismissal.
It is absolutely obvious to me that the voluntary dismissal was filed to avert what would surely have been the imminent entry of summary judgment against the plaintiffs and, in turn, to prevent St. Francis from being deemed a prevailing party entitled to attorneys’ fees. The gist of the complaint against St. Francis was that it failed to have the necessary instruments on its premises for the surgeon (the co-defendant, Dr. Foster) to perform surgery on the plaintiff, Jeanne Englander. However, Foster’s deposition indisputably showed that he had his own full set of surgical instruments available to him at the time of the surgery on Mrs. Englander and that Foster had no complaint with the St. Francis’ equipment or with any lack of equipment. Foster’s testimony was supported by an affidavit of an expert who stated that, within a reasonable degree of medical probability, St. Francis “conformed to the applicable standard of care, in all aspects, for hospitals operating in this and similar *423 medical communities.” The plaintiffs filed nothing to counter this affidavit, and there is nothing to be found anywhere in the record which could arguably defeat St. Francis’ entitlement to summary judgment. Therefore, I do not believe this case is controlled by, or even like, Simmons. In my view, Simmons requires more than the hollow assertion that a last-minute voluntary dismissal is for “strategic reasons.” That “more,” present in Simmons, is not present here. I would affirm.