## WILLIAMS v MOORER and ASPEN SQUARE MANAGEMENT, INC. d/b/a SANDLEWOOD APARTMENTS v ELIAS

Case Nos. 89-1215-39 and 88-1682-39

County Court, Pinellas County

August 10, 1989

### APPEARANCES OF COUNSEL

**Charles E. Williams, Esquire,** for plaintiff, Peter C. Williams, Sr.

**Keith Ringlespaugh, Esquire,** for plaintiff, Aspen Square Management, Inc.

**Lydia S. Castle, Esquire,** GulfCoast Legal Services, Inc., for defendants.

### OPINION OF THE COURT

DAVID A. DEMERS, County Judge.

### *ORDER ON MOTIONS FOR ATTORNEY'S FEES*

THESE CAUSES having come on to be heard on the defendants' Motions For An Award of Attorney's Fees and the court, having heard argument of counsel and being otherwise fully advised in the premises, the following order is entered.

In both of these cases the plaintiffs sought to evict the defendants. In

both cases the tenants were represented by the same attorney and successfully moved to dismiss on the grounds that the notice of termination was insufficient as a matter of law. These cases are otherwise factually unrelated and have not been consolidated.

The tenants now seek an award of fees pursuant to § 83.48 Fla. Stat. (1987), which provides:

> In any civil action brought to enforce the provisions of the rental agreement or this part, the party in whose favor a judgment or decree has been rendered may recover reasonable court costs, including attorney's fees, from the nonprevailing party.

Three issues are presented: (1) whether under § 83.48 a tenant is a "party in whose favor a judgment or decree has been rendered" where the landlord's complaint for eviction is dismissed with prejudice on the tenant's motion due to the insufficiency of the notice of termination; (2) whether in such cases fees should be awarded as a matter of course in the absence of special circumstances justifying a denial of fees; and (3) whether there are any special circumstances justifying a denial of fees in these cases?

### I.

WHETHER UNDER § 83.48 A TENANT IS A "PARTY IN WHOSE FAVOR A JUDGMENT OR DECREE HAS BEEN RENDERED" WHERE THE LANDLORD'S COMPLAINT FOR EVICTION IS DISMISSED WITH PREJUDICE ON THE TEN-ANT'S MOTION DUE TO THE INSUFFICIENCY OF THE NOTICE OF TERMINATION?

This court has ruled that a dismissal under the circumstances of these cases is with prejudice. The rationale for this decision is explained in an order entered in *Williams v Moorer* and attached hereto as Appendix I.* That order states that termination of the tenancy, which can only be accomplished by a proper notice of termination, is an essential element of a cause of action for eviction. Since the notice of termination was insufficient in both of these cases the tenancy was never terminated and the suits for eviction failed as a matter of law.

The landlords had no alternative but to provide a proper notice of termination and file a new complaint for eviction if they wanted to continue their efforts to remove the tenants. In the *Williams* case that is what the landlord did and he prevailed in the *new* case by default. In the *Aspen Square Management, Inc.* case the matter was resolved without filing a second complaint. Thus the *cases before the court and to which this order applies* were *finally resolved* in favor of the tenants

**168**

by an order of dismissal based on the inability of the landlords to establish an essential element of the causes of action as a matter of law.

The dismissals are tantamount to a decree on the merits and the tenants are entitled to fees at the discretion of the court. A wealth of authority supports this conclusion. *Meruelo v Robinson* 426 So.2d 1164 (Fla. 3d DCA 1983); *Fortune Insurance Company v Brito,* 522 So.2d 1028 (Fla. 3d DCA 1988); *Gibson v Walker,* 380 So.2d 531 (Fla. 5th DCA 1980); *Internatonal Industries, Inc. v Olen,* 135 Cal. Rptr. 906 (Cal. 2d DCA 1977); *Gray v Kay,* 47 Cal. App. 3d 562, 120 Cal. Rptr. 915 (Cal. 2d DCA 1975). It should be stressed that the cases at bar were not dismissed voluntarily or on the grounds of mootness as in *Del Valle v Biltmore II Condominium Association,* 411 So.2d 1356 (Fla. 3d DCA 1982), where the court held that dismissal for mootness did not relate to the merits and fees should not be awarded. In these cases the causes of action for eviction were resolved in favor of the tenants on the merits; therefore, under § 83.48 they are entitled to an award of attorney's fees.

II.

WHETHER IN SUCH CASES FEES SHOULD BE AWARDED AS A MATTER OF COURSE IN THE ABSENCE OF SPECIAL CIRCUMSTANCES JUSTIFYING A DENIAL OF FEES?

It is clear from the statute that an award of attorney's fees is discretionary. The court has been unable to find any guidelines for the exercise of discretion in deciding whether fees should be awarded at all in contrast to the exercise of discretion in deciding the amount of fees.

Based on the plain language of the statute the court finds that the legislature intended that attorney's fees be awarded to the prevailing party in any case involving the enforcement of the rental agreement or the provisions of Chapter 83 in the absence of special circumstances justifying a denial of fees. The Legislature authorized the award of fees *as part of costs* under § 83.48. As a matter of common sense and logic it is likely that the Legislature intended that costs be awarded to the prevailing party in most cases as a matter of course and that they be denied only upon a finding of special circumstances. That conclusion is justified by the fact that: (1) it would be unfair to deny costs to those who had to take legal action either as plaintiffs or defendants to protect their rights or secure relief to which they were entitled; (2) it is customary that costs be awarded to the prevailing party. Since the lawmakers intended that the prevailing party be awarded costs in the absence of special circumstances and specifically included attorney's fees as a cost item under this statute, they probably intended that

attorney's fees be awarded to the prevailing party in the absence of special circumstances.

## III.

## WHETHER THERE ARE ANY SPECIAL CIRCUMSTANCES JUSTIFYING A DENIAL OF FEES IN THESE CASES?

It is difficult to ascertain what special circumstances might justify a denial of fees. In neither of the cases before the court have the parties suggested the presence of any such circumstances except for their good faith in initiating the unsuccessful claims. The court has been unable to identify any other factor that might justify a denial of fees in these cases. The Legislature could not have intended that the good faith of the nonprevailing party standing alone justify the denial of fees pursuant to § 83.48, because the result would be to preclude the award of fees in the overwhelming majority of landlord and tenant cases and it would be duplicative of the fee provision set forth in § 57.105 Fla. Stat. (1987). There are no special circumstances justifying the denial of fees in the cases at bar.

ACCORDINGLY, it is hereby,

ORDERED AND ADJUDGED that:

1. The Defendants' Motions for an Award of Attorney's Fees in both of these cases is GRANTED.

2. The court will set the amount of fees in each case by separate order.

DONE AND ORDERED this 10th day of August, 1989 at St. Petersburg, Florida.