DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEENA MARGIT VILER** f/k/a **LEENA MARGIT SILVAST** and
**GIORDANO G. VILER,**
Appellants,

v.

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY** a/s/o
**JAMES P. LAMANNA,**
Appellee.

No. 4D2023-0447

[May 1, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 502019CA001883.

Kansas R. Gooden of Boyd & Jenerette, P.A., Miami, and Lara J. Edelstein of Boyd & Jenerette, P.A., Boca Raton, for appellants.

Nancy W. Gregoire Stamper of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Beth E. Allen, Alyson Holob, Bryan Manno, and Frank P. Delia of Universal Property and Casualty Insurance Company, Fort Lauderdale, for appellee.

GROSS, J.

This case involves the application of the general rule that when a plaintiff takes a voluntary dismissal of a lawsuit, the defendant is the prevailing party for the purpose of a statute awarding attorney's fees to the "prevailing party."

Leena and Giordano Viler, the defendants below, timely appeal the portion of a final judgment denying their motion to tax attorney fees as a prevailing party under section 718.303, Florida Statutes (2015), after the plaintiff below voluntarily dismissed the case.

The Vilers owned the unit above James Lamanna's unit in a condominium. A plumbing issue flooded Lamanna's unit causing over

$19,000 in damages. Lamanna was insured by appellee Universal Property & Casualty Insurance Company.

Universal, as subrogee of Lamanna, sued the Vilers alleging that the Vilers negligently failed to maintain a plumbing system within their residence. The company based its claim on a unit owner's responsibility "for the costs of repair or replacement of any portion of the condominium property not paid by insurance proceeds if such damage is caused" by the unit owner's negligence. § 718.111(11)(j)1., Fla. Stat. (2015). Also, the applicable declaration of condominium required an owner to be responsible for damages caused by the failure to promptly correct a condition that caused damage to another unit.

After some discovery and motion practice, Universal voluntarily dismissed its complaint in November 2020.

The Vilers moved to tax attorney's fees as the prevailing party under section 718.303, Florida Statutes (2015), and the declaration of condominium. *See Mack v. Universal Prop. & Cas. Co.*, 321 So. 3d 901 (Fla. 2d DCA 2021). After a hearing, the trial court denied their motion, as there was minimal litigation and the court had made no ruling on a dispositive issue.

"The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the 'prevailing party' within the meaning of statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation." *Alhambra Homeowners Ass'n v. Asad*, 943 So. 2d 316, 318 (Fla. 4th DCA 2006).

This general rule applies even in situations where "the plaintiff subsequently refiled the identical lawsuit and ultimately prevailed," *id.* at 317, *Nudel v. Flagstar Bank, FSB*, 60 So. 3d 1163, 1165 (Fla. 4th DCA 2011), or where limited pre-trial activity had occurred before the action was voluntarily dismissed, *Hatch v. Dance*, 464 So. 2d 713, 714 (Fla. 4th DCA 1985).

"[A]n adjudication on the merits" is not necessary for an "entitle[ment] to fees as a prevailing party." *Catamaran B.Y., Inc. v. Giordano*, 337 So. 3d 439, 441 (Fla. 3d DCA 2022). "[T]here need not be a determination on the merits in a lawsuit for purposes of a fee award if the applicable statutory provision provides for fees to a 'prevailing party.'" *51 Island Way Condo. Ass'n v. Williams*, 458 So. 2d 364, 366 (Fla. 2d DCA 1984). "After entry of a voluntary dismissal, attorney's fees can be awarded to the so-

called prevailing party under statutory provision where the case was not resolved on the merits." *Id.*

Exceptions to the general rule apply where a defendant has substantially caved-in to a plaintiff's demands, *Padow v. Knollwood Club Ass'n*, 839 So. 2d 744, 746 (Fla. 4th DCA 2003), or where a defendant's actions have rendered a plaintiff's lawsuit moot, *Collins Condo. Ass'n. v. Riveiro*, 348 So. 3d 8, 9 (Fla. 3d DCA 2022).

In *Padow*, we held that a defendant unit owner who had paid the plaintiff association most of the past due assessments, including interest and late fees, was not a prevailing party within the meaning of section 718.303(1) after the plaintiff took a voluntary dismissal. 839 So. 2d at 745; *see also Blue Infiniti, LLC v. Wilson,* 170 So. 3d 136, 137 (Fla. 4th DCA 2015); *Williams,* 458 So. 2d at 366. In that situation, we looked beyond the voluntary dismissal to the substance of the litigation outcome to determine the prevailing party in an action. *See Padow*, 839 So. 2d at 746.

Here, the trial court abused its discretion in not applying the general rule that a defendant is the prevailing party when a plaintiff voluntarily dismisses an action. The record reveals no facts where the *Padow* exception is applicable. Unlike the condominium unit owner in *Padow*, the Vilers here did not pay almost all of the damages demanded by Universal, and unlike the defendants in *Williams*, the Vilers here did not do anything to moot Universal's cause of action. 458 So. 2d at 365. The *Padow* exception to the general rule does not apply. *See Mack*, 321 So. 3d at 904.

We reverse the portion of the order denying the Vilers prevailing party attorney's fees and remand to the circuit court to determine and award prevailing party attorney's fees.

*Reversed in part and remanded.*

DAMOORGIAN and GERBER, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**