380 So.2d 531 (1980)
D. Leroy GIBSON, Appellant,
v.
D.J. WALKER, Appellee.
No. NN-31/T1-44.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
*532 R.K. Roberson of Roberson & Roberson, De Land, for appellant.
Leighton D. Yates, Jr., of Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
ORFINGER, Judge.
Plaintiff below appeals from a final judgment awarding attorney's fees, interest and costs in a suit on an insurance policy. Appellant contends that the trial court erred in not allowing sufficient interest or attorney's fees in the final judgment.
Appellant was the insured in an insurance policy written by a group of underwriters associated with Lloyds of London, covering physical damage and theft on a certain trailer owned by appellant. The trailer was stolen on February 8, 1978, and while the defendant insurer was notified of the loss almost immediately, a formal proof of loss was not filed with defendant until May 22, 1978. The policy contains a provision that the loss is not payable until 60 days after the verified proof of loss is submitted to the underwriters.
On June 20, 1978, prior to the expiration of the 60-day period, the insured filed suit in the court below, alleging the loss and demanding the full limits of the policy, plus interest, costs and attorney's fees. On July 17, 1978, the agent for the underwriters mailed to appellant a check for $22,000, the full limits of the policy, in full payment of the loss. Appellant received the check on July 22, 1978. Appellant, through his counsel, refused to accept the check in full payment, claiming that interest and attorney's fees were due. Through later correspondence with defendant's attorneys, it was agreed that the check could be negotiated without prejudice to appellant's claim for interest and attorney's fees, although appellee continued to insist that it had paid appellant $22,000 "... in full, final and complete payment of plaintiff's claim... ." At no time did appellee concede its liability for, or offer to pay either interest or attorney's fees.
In this posture the case proceeded to trial before a jury. At the conclusion of the evidence, the court directed a verdict on the issue of liability, and then the court proceeded to hear testimony on the issue of interest and attorney's fees. At the conclusion of the evidence the court apparently found that the insurer had not made timely payment and that it would award plaintiff interest from the date the proof of loss was received until the date when the insured received the check. No objection was made to this ruling, and we find that error, if any, as to the award of interest has not been preserved for appeal.
On the matter of attorney's fees, the trial court concluded that the insured was entitled to recover such fees for services rendered by his attorney up to the time the insurance proceeds were received (July 22, 1978), but not beyond. The insured contends that he is entitled to recover a reasonable attorney's fee up to and including the trial, an effort that involves a far greater expenditure of time than was involved up to the date payment was received, so we address that issue. It should be noted that appellee does not assert error in the award of attorney's fees to appellant, but resists the payment of any additional fees after July 22, 1978, by contending that from that date forward, the attorney was working for himself, and not for appellant.
Attorney's fees are recoverable in a suit by the insured against his insurer by virtue of § 627.428, Fla. Stat. (1977).[1] We must *533 determine at what point in these proceedings the obligation for attorney's fees terminated, whether at the time the policy proceeds were received, as contended by appellee, or at the conclusion of the trial, as contended by appellant. We conclude that in this case, the appellant was entitled to recover attorney's fees through the final judgment, and consequently we must reverse.
Several appellate decisions in Florida discuss the problems arising under this statute, but we believe the persuasive opinion is found in Cincinnati Insurance Company v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974). One of the issues there decided was whether the obligation for attorney's fees existed at all if the policy proceeds were paid after suit was filed, but before final judgment. That court held, and we think correctly so, that the statutory obligation for attorney's fees cannot be avoided simply by paying the policy proceeds after suit is filed but before a judgment is actually entered because to so construe the statute would do violence to its purpose, which is to discourage litigation and encourage prompt disposition of valid insurance claims without litigation. The court then addressed the question of whether attorney's fees are actually a part of the policy, or something separate and apart from it. The court held:
Appellee contends, and we think correctly so, that upon suit being filed the relief sought was both the policy proceeds and attorney's fees, and so long as the insurer failed to voluntarily pay any part of the relief sought, it continued to contest the policy . .. and thus even though the claim at that point is limited to the recovery of attorney's fees, it is nonetheless a claim under the policy ...
We adopt the view of Cincinnati, that the statute, § 627.428, Fla. Stat. (1977), becomes a part of every insurance policy of which the insurer is bound to take notice as it does any other provision of the policy.
But this does not dispose of all the issues here. In Cincinnati, the insurer not only tendered the policy proceeds, but also tendered to the insured the full amount of the attorney fees which he had paid to his attorney and for which he was obligated. Based on these facts, the court then found that the insurance company had met its entire obligation, and when the offer was rejected because of a demand for a larger attorney's fee, from that point forward the attorney was working for himself. These are not the facts here. Not only was there no offer to pay attorney's fees, but there was no offer to pay interest, which the trial court found was due, and in fact, the insurer steadfastly resisted any obligation at all for either of these items.
Thus this case is also distinguishable from Wisconsin Life Insurance Company v. Sills, 368 So.2d 920 (Fla. 1st DCA 1979), where during the litigation the insurance company filed an offer of judgment under Rule 1.442, Fla.R.Civ.P., which was sufficient to cover all accrued interest and costs. The court there held that attorney's fees could then be awarded like costs, and that the obligation for further fees terminated when the offer of judgment was filed.
The final judgment is affirmed as to the award of interest, but is reversed as to the award of attorney's fees. On remand, the trial court is not bound by its previous determination of the value of the services rendered by plaintiff's attorney, but is free to take such evidence as it deems appropriate and make new findings as to the necessity for and the reasonable value of the services rendered by the insured's attorney in the prosecution of this suit from its inception through final judgment. Neither is the trial court bound by the contingency fee arrangement which the record discloses exists between the insured and his attorney, Universal Underwriters Insurance Company v. Gorgei Enterprises, Inc., 345 So.2d 412 (Fla. 2nd DCA 1977), but the reasonable value of such services should be based on *534 established criteria. Manatee County v. Harbor Ventures, Inc., 305 So.2d 299 (Fla. 2nd DCA 1975); Fla.Bar Code Prof.Resp., DR 2-106.
Appellant has, pursuant to Rule 9.400, Fla.R.App.P., filed a motion for the allowance of attorney's fees in connection with this appeal. Since § 627.428, Fla. Stat. (1977), provides for the award of attorney's fees on appeal to a successful insured, the motion is granted and is remanded to the trial court for determination of the amount of attorney's fees to be awarded for the appellate proceedings.
Affirmed in part and reversed in part, and remanded for further proceedings consistent herewith.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.
DAUKSCH, C.J., and UPCHURCH, J., concur.
NOTES
[1] (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured ... under a policy ... executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured ... a reasonable sum as fees or compensation for the insured's ... attorney prosecuting the suit in which recovery is had.