407 So.2d 995 (1981)
Linda Joyce EARNEST, N/K/a Linda Castillo, Appellant,
v.
SOUTHEASTERN FIDELITY INSURANCE COMPANY, Appellee.
No. 81-1347.
District Court of Appeal of Florida, Third District.
December 15, 1981.
Rehearing Denied January 21, 1982.
Sidney L. Syna, for appellant.
Haddad & Josephs and Michael Seth Cohen, for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
PER CURIAM.
This is an appeal by Linda Earnest from an order of the Circuit Court of Dade County denying her attorney's fees and pre-judgment interest in an action brought by the appellee against her. The action sought a declaratory judgment that she was not entitled to the $20,000 uninsured motorist coverage provided in appellee's policy issued to her father who owned the vehicle in which she was a passenger when she sustained the injuries for which she sued.
We find no merit in appellant's claim for pre-judgment interest and affirm the trial court's order denying such claim. Southeast Title and Insurance Co. v. Austin, 202 So.2d 179 (Fla. 1967).
As to the order denying appellant's motion for attorney's fees in the trial court, we reverse and remand to the trial court for the entry of an order allowing appellant a reasonable attorney's fee for her attorney's services rendered in connection with her recovery of damages under the policy of insurance and for his services relative to her claim for attorney's fees in the trial court.
*996 Appellant's entitlement to attorney's fees arises under section 627.428(1), Florida Statutes (1979).[1] The question of whether appellant was covered by the policy issued to her father has been answered in the affirmative on prior remand of this cause[2] and is not an issue in the present appeal. The statute has been interpreted as creating liability against an insurer for attorney's fees incurred by an individual who, while not the named insured, is in a first-party relationship to the insurer against whom he has been forced to litigate the coverage issue. E.g., United States Fidelity & Guaranty Co. v. State Farm Mut. Auto. Ins. Co., 369 So.2d 410 (Fla. 3d DCA 1979) (insurer responsible for attorney's fees of resident spouse of named insured); Smith v. Conlon, 355 So.2d 859 (Fla. 3d DCA 1978) (insurer liable for attorney's fees of individual unrelated to named insured, on jury finding that he used car of named insured with permission); but cf. Roberts v. Carter, 350 So.2d 78 (Fla. 1977) (adverse party's insurer not liable for attorney's fees of injured plaintiff/third-party beneficiary where coverage was denied and insurer ultimately held responsible). We believe the case at bar presents a proper situation for an award of attorney's fees to appellant as she was in effect "standing in the shoes" of the insured and thus does not come within the proscription that "the attorney fee provision of § 627.428 was not intended to benefit the party injured by the insured automobile ..." Wilder v. Wright, 278 So.2d 1 (Fla. 1973); see also Roberts v. Carter, supra.
Affirmed in part and reversed in part with directions. It is so ordered.
NOTES
[1] 627.428 Attorney fee. 

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
[2] Southeastern Fidelity Insurance Co. v. Earnest, 395 So.2d 230 (Fla. 3d DCA 1981).