566 So.2d 791 (1990)
DEPARTMENT OF ADMINISTRATION, OFFICE OF STATE EMPLOYEES' INSURANCE, Petitioner,
v.
Terri J. GANSON, Respondent.
No. 75396.
Supreme Court of Florida.
September 13, 1990.
Augustus D. Aikens, Jr., Gen. Counsel, Dept. of Admin., Tallahassee, for petitioner.
Kenneth D. Kranz of Eric B. Tilton, P.A., Tallahassee, for respondent.
GRIMES, Justice.
Pursuant to article V, section 3(b)(3), Florida Constitution, we accepted jurisdiction in Ganson v. Department of Administration, 554 So.2d 522 (Fla. 1st DCA 1989), to resolve conflict with Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).
*792 Ganson successfully litigated a claim for state health insurance benefits in which the district court of appeal ordered a hearing to determine an appropriate attorney's fee. Ganson v. Department of Admin., 554 So.2d 516 (Fla. 1st DCA 1989).[*] The hearing officer submitted a report, which the district court adopted in toto. In that report, the hearing officer recognized that there was a split of authority on the issue but concluded that a contingency-risk multiplier was required because there was a contingent-fee agreement between the client and her attorney.
A few weeks after the district court of appeal affirmed the fee award, we issued Quanstrom, which held that the multiplier is not automatically required in contingent-fee cases. Quanstrom, 555 So.2d at 831. Therefore, the opinion below is incorrect and must be quashed. We remand for reconsideration in light of Quanstrom.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and KOGAN, JJ., concur.
NOTES
[*] That decision is not under review here.