579 So.2d 153 (1991)
U.S. SECURITY INSURANCE COMPANY, Appellant,
v.
Robert J. COLE, Appellee.
No. 90-02178.
District Court of Appeal of Florida, Second District.
April 3, 1991.
Rehearing Denied May 14, 1991.
Matthew R. Danahy and Michael S. Rywant of Rywant, Alvarez, Jones & Russo, P.A., Tampa, for appellant.
William J. Corda of Benefield & Corda, Lakeland, for appellee.
*154 FRANK, Judge.
U.S. Security Insurance Company has appealed from an award of attorney's fees and costs to its insured, Robert J. Cole, who initiated the action to recover personal injury protection (PIP) benefits. We affirm in part and reverse in part.
The only error that we have discerned in the attorney's fee order is the trial court's allowance of an award to Cole's attorney for the time he spent litigating the issue of attorney's fees. Although we recognize that our sister courts of the first, third and fifth districts have permitted such recovery, see Ganson v. State, Department of Administration, 554 So.2d 522 (Fla. 1st DCA 1989), rev.'d on other grounds, 566 So.2d 791 (Fla. 1990); Tiedeman v. City of Miami, 529 So.2d 1266 (Fla. 3d DCA 1988); Gibson v. Walker, 380 So.2d 531 (Fla. 5th DCA 1980), the view in this district has been to disallow such an award when, as here, the prevailing party has no interest in the fee recovered. B & L Motors, Inc. v. Bignotti, 427 So.2d 1070 (Fla. 2d DCA 1983), disapproved on other grounds, Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985). The agreement between Cole and his attorney did not contemplate that he would be obligated to pay his attorney for the work performed in recovering statutory fees  work that inured solely to the lawyer's benefit.
Accordingly, we reverse that portion of the order allowing Cole's attorney a fee of $150.00 per hour for the nine hours spent litigating his entitlement to a fee. In all other respects the order under review is affirmed.
SCHEB, A.C.J., and CAMPBELL, J., concur.