578 So.2d 474 (1991)
Rose PIRRETTI, Rose Deangelis, and Lisa Deangelis, Appellants,
v.
DEAN WITTER REYNOLDS, INC. and Richard Frost, Appellees.
No. 89-2970.
District Court of Appeal of Florida, Fourth District.
April 24, 1991.
*475 Fred W. Mattlin and Gloria O. North of Mattlin, McClosky & North, Boca Raton, for appellants.
Peter J. Aldrich of Broome, Kelley & Aldrich, P.A., West Palm Beach, for appellee-Dean Witter Reynolds, Inc.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellee-Richard Frost.
STONE, Judge.
We affirm a judgment for attorney's fees in favor of the prevailing defendants awarded in an action alleging the unlawful sale of securities under section 517.211(6), Florida Statutes. The statute provides that the court shall award attorney's fees unless it finds that such an award would be "unjust." Appellants challenge the judgment on several grounds.
Initially, we reject the contention that the trial court, by awarding fees despite questioning the wisdom of the jury's verdict as to one of the defendants, must have misinterpreted the statute concerning the extent of the court's discretion to determine that a fee award would be unjust. We cannot say, from a review of this record, that the trial court did not consider all of the circumstances in deciding to award fees. In reaching this decision, the trial court was free to consider the apparent conclusion of the jury that the appellees did no wrong in determining that there was an insufficient basis to find that awarding a fee to the prevailing defendants would be unjust. The trial court did not abuse its discretion by disregarding the judge's personal view that the facts may have favored the plaintiffs and by accepting the judgment of the jury on the evidence.
We also find no abuse of discretion in the trial court decision to award fees for all work performed although some of the appellants' claims involved issues for which fees are not otherwise recoverable. The trial court could reasonably conclude on *476 this record that the effort required to defend the case was the same as to both the common law and statutory claims and that a time allocable to each could not reasonably be separately determined. See Country Manors Ass'n. v. Master Antenna Sys., Inc., 534 So.2d 1187 (Fla. 4th DCA 1988); State Farm Fire & Casualty Co. v. Becraft, 501 So.2d 1316 (Fla. 4th DCA 1986).
More significantly, appellants contend that it was error to award attorney's fees for litigating the issue of attorney's fees. Appellants reason that since the fees are only awardable in this case because of the statute, additional fees incurred because of appellants' opposition to the motion for attorney's fees cannot be awarded unless such additional fees are specifically authorized by the statute. However, it is not uncommon for attorney's fees to be awarded for the additional legal effort required in obtaining a contested judgment for attorney's fees. See Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351 (Fla. 1987); Cincinnati Ins. Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974); B & H Constr. & Supply Co. v. Dist. Bd. of Tr. of Tallahassee Community C., 542 So.2d 382 (Fla. 1st DCA), rev. denied, 549 So.2d 1013 (Fla. 1989); Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139 (Fla. 1st DCA 1986); B & L Motors, Inc. v. Bignotti, 427 So.2d 1070 (Fla. 2d DCA 1983); Tiedeman v. City of Miami, 529 So.2d 1266 (Fla. 3d DCA 1988); Earnest v. Southeastern Fidelity Ins. Co., 407 So.2d 995 (Fla. 3d DCA 1981).
We recognize that the court's discretion to award such additional fees may not be without exception, as where the employment agreement between the client and attorney does not obligate the client to compensate the attorney for efforts expended in obtaining an attorney's fee award, where such an award would be inconsistent with the wording of a statute or inconsistent with a statutory scheme, or in some cases where the fee is contingent. See generally Crittenden Orange Blossom Fruit v. Stone; Cincinnati Ins. Co. v. Palmer, supra; B & H Constr. & Supply Co., Inc. v. Dist. Bd. of Tr. of Tallahassee Community C., supra; Service Insurance Company v. Gulf Steel Corp., 412 So.2d 967 (Fla. 2d DCA 1982). However, none of such exceptional circumstances are present here.
A corollary issue to the question of whether fees are awardable for contesting the right to attorney's fees, is whether attorney's fees are awardable for an attorney's efforts in contesting the amount of a fee. This issue was raised by the appellant by the designated issues on appeal but was not specifically argued in the brief. We address it, however, because additional fees were denied by the supreme court in Crittenden Orange Blossom Fruit v. Stone, supra. We have considered that decision and conclude that the supreme court did not decide this issue adversely as to circumstances other than those under the particular statute before the court, the Worker's Compensation Act. In denying recovery for attorney's fees for contesting the amount of the fee award under that act, the court denied such recovery specifically because of the particular statutory scheme involved.
We also find nothing in Cincinnati Ins. Co. v. Palmer that is inconsistent with our conclusion that such fees may be awarded absent exceptional circumstances. In Palmer, this court recognized that it was only the language of the particular attorney's fee contract involved that prevented a recovery for the attorney's efforts in litigating the attorney's fees issues. This court, in that case, recognized that, where the prevailing party, as the client, had no financial obligation to the attorney for the extra efforts in litigating the fee issue, the losing party should not be responsible for fees to the attorney that the attorney's client would not otherwise be obligated to pay.
The judgment awarding attorney's fees is affirmed. However, recognizing that extensive and expensive additional litigation regularly occurs with respect to the award of attorney's fees, both in terms of entitlement and as to amount, we certify to the supreme court the following issues:

*477 A. WHETHER, IN THE ABSENCE OF EXCEPTIONAL CIRCUMSTANCES, A PREVAILING PARTY, CLAIMING THE RIGHT TO ATTORNEY'S FEES, IS ENTITLED TO ALSO RECOVER THE ADDITIONAL ATTORNEY'S FEES INCURRED IN LITIGATING A CONTESTED RIGHT TO A FEE AWARD?
B. WHETHER, IN THE ABSENCE OF EXCEPTIONAL CIRCUMSTANCES, ATTORNEY'S FEES, OTHERWISE AWARDABLE, MAY BE RECOVERED FOR THE ADDITIONAL ATTORNEY'S EFFORTS IN LITIGATING THE AMOUNT OF FEES ULTIMATELY AWARDED?
DELL and WARNER, JJ., concur.