585 So.2d 329 (1991)
STATE FARM FIRE & CASUALTY COMPANY, Appellant,
v.
Margarita J. PALMA, Appellee.
No. 90-2480.
District Court of Appeal of Florida, Fourth District.
July 31, 1991.
Rehearing, Rehearing and Certification Denied September 10, 1991.
*330 Charles W. Musgrove and Stephen C. McAliley, West Palm Beach, for appellant.
Larry Klein of Klein & Walsh, P.A., and Ronald V. Alvarez, P.A., West Palm Beach, for appellee.
Rehearing, Rehearing En Banc and Certification Denied September 10, 1991.
HERSEY, Judge.
This is the third appearance of this case before us and, for the second time, the issues deal primarily with attorneys' fees.
In Palma v. State Farm Fire & Cas. Co., 489 So.2d 147 (Fla. 4th DCA), rev. denied, 496 So.2d 143 (Fla. 1986), we sent the case back to the trial court for entry of a judgment in favor of Palma and to determine and award costs and attorneys' fees.
Next, in State Farm Fire & Cas. Co. v. Palma, 524 So.2d 1035 (Fla. 4th DCA 1988), we affirmed an award of attorneys' fees for Palma, entered an order granting Palma's motion for attorneys' fees for the appeal, and remanded to the trial court to determine the amount. This court's action was approved by the supreme court in State Farm Fire & Casualty Co. v. Palma, 555 So.2d 836 (Fla. 1990).
On remand, the trial court awarded attorneys' fees for services rendered in this court and for services in the supreme court, finding that they were proper under section 627.428, Florida Statutes (1983). The court applied a multiplier of 2.6, finding that this was the law of the case. This appeal questions the propriety of these awards.
Appellant first argues that the right of an insured to recover attorneys' fees in litigation with her insurer ceases when her claim has been paid in full together with the underlying costs. This is an oversimplification of the true rule which emerges from the case law. Initially, however, it is pertinent to observe that insofar as the award pertains to attorneys' fees for services rendered in this court upon the prior appeal, the issue of entitlement is no longer open to question but constitutes the law of the case. This is true because in the earlier *331 appeal we granted the motion for attorneys' fees, leaving open only the amount to be determined by the trial court. The issue of fees for services in the supreme court is not disposed of so readily because the supreme court's order remanded to determine both entitlement and amount.
In any event, however, we would affirm as to the entitlement issue for services performed in both courts for the following reasons.
Appellee's entitlement to attorneys' fees arises under section 627.428(1), Florida Statutes (1989), which provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney procuring the suit in which the recovery is had.
(Emphasis added.) The question in this case is at what point in these proceedings did the obligation for attorneys' fees terminate: at the time the proceedings regarding the thermography bill were finished, as appellant contends, or at the conclusion of the proceedings on the attorneys' fees issues. The law in this area is unsettled.
State Farm relies upon Cincinnati Ins. Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974), to support its argument that appellate attorneys' fees for services in the supreme court and in this court were unauthorized. This reliance is misplaced for two reasons. First, this court already decided that Cincinnati did not prevent an award of appellate attorneys' fees when, in the previous appeal, it granted appellee's motion for attorneys' fees and denied appellant's motion for rehearing based on that decision. Second, the Cincinnati decision is distinguishable from the present situation and is not controlling.
In Cincinnati, appellee, the insured, brought suit against appellant, his insurer, seeking recovery under a fire insurance policy. Before trial, the insurer paid the policy proceeds and offered to the insured the sum of $500 to reimburse him for money he had paid his attorney as a retainer. Counsel for the insured refused this offer and instead demanded $5,000. The cause was tried by the court on the issue of the insured's attorneys' fees, and the court entered judgment for the insured in the sum of $7,125 as his attorneys' fee for the prosecution of the action.
On appeal, this court initially determined that the insured was entitled to an award of attorneys' fees pursuant to section 627.428, Florida Statutes, notwithstanding the fact that technically no judgment for the loss claimed was entered favorable to the insured. However, we held that the amount of attorneys' fees awarded was improper considering the following facts: the contract between the insured and his counsel provided for a $500 retainer fee plus such additional fee as the court might award, no portion of which would be returned to the client. Counsel spent 230 hours in the prosecution of the case, but only 30 hours had been expended up to the time that appellant voluntarily paid the policy proceeds and offered to reimburse the insured for his outlay of $500 attorneys' fees.
These facts led this court to hold that:
Since appellee's contract with his attorney did not allow appellee to recover any part of his attorneys' fees out of any sum awarded for that purpose, (i.e., the entire award was to go to the attorney) the service which the attorney rendered to appellee effectively terminated when the insurance company voluntarily paid the insurance proceeds to the SBA. From that point on, appellee's attorney was rendering service only for his own benefit. This might not have been so under a different contractual arrangement between appellee and his counsel. It is clear from the record that the amount which the court awarded as an attorneys' fee was based upon the entire professional services of appellee's attorney *332 and not merely that portion which was rendered prior to the time that appellant paid the policy proceeds.
Cincinnati, 297 So.2d at 99-100. Accordingly, this court reversed the award of attorneys' fees as being excessive.
In the present case, appellant relies upon the Cincinnati opinion to support its argument that since the earlier appeal to this court and to the supreme court were concerned exclusively with the issue of attorneys' fees, the appellee's attorneys were rendering service only for their own benefit and an award of attorneys' fees for these services was improper. However, the Cincinnati case has been distinguished by the fifth district in Gibson v. Walker, 380 So.2d 531 (Fla. 5th DCA 1980). Gibson agreed with Cincinnati that section 627.428 becomes a part of every insurance policy of which the insurer is bound to take notice. Also, Gibson agreed that:
upon suit being filed the relief sought was both the policy proceeds and attorneys' fees, and so long as the insurer failed to voluntarily pay any part of the relief sought, it continued to contest the policy . .. and thus even though the claim at that point is limited to the recovery of attorneys' fees, it is nonetheless a claim under the policy.
Id. at 533 (emphasis added).
However, the Gibson court held that the trial court's failure to award attorneys' fees for services rendered by the insured's attorney in the prosecution of the suit from its inception through final judgment, notwithstanding the insurer's unsuccessful attempt to pay the full limits of the policy prior to trial, was error. The Gibson court held that Cincinnati did not control since in that case the insurer not only tendered the policy proceeds, but also the full amount of the attorneys' fees which the insured had paid and for which he was obligated. In Gibson, there was no offer to pay attorneys' fees and in fact, the insurer steadfastly resisted any obligation to pay these fees.
Here, as in Gibson and unlike Cincinnati, appellant never attempted to pay attorneys' fees and in fact, adamantly refused to pay these fees. Because section 627.428 which authorizes trial and appellate attorneys' fees to the prevailing party in an insurance case is a part of every insurance policy, Cincinnati, Gibson, it does not matter that the prior appeal to this court and to the supreme court was limited to the recovery of attorneys' fees. The relief sought in the suit was both the policy proceeds and attorneys' fees, and the instant claim for attorneys' fees is nonetheless a claim under the policy.
In Pirretti v. Dean Witter Reynolds, Inc., 578 So.2d 474 (Fla. 4th DCA 1991), this court held that attorneys' fees may be awarded for the additional legal effort required in obtaining a contested judgment for attorneys' fees in an action alleging the unlawful sale of securities under section 517.211(6). However, the court then distinguished the Cincinnati case on the ground that it was only the language of the particular attorneys' fee contract involved there that prevented a recovery for the attorneys' efforts in litigating the attorneys' fees issues. The Pirretti opinion noted Cincinnati's recognition that "where the prevailing party, as the client, had no financial obligation to the attorney for the extra efforts in litigating the fee issue, the losing party should not be responsible for fees to the attorney that the attorney's client would not otherwise be obligated to pay." Id. at 476.
The Pirretti court then certified the following questions to the supreme court:
A. WHETHER, IN THE ABSENCE OF EXCEPTIONAL CIRCUMSTANCES, A PREVAILING PARTY, CLAIMING THE RIGHT TO ATTORNEYS' FEES, IS ENTITLED TO ALSO RECOVER THE ADDITIONAL ATTORNEYS' FEES INCURRED IN LITIGATING A CONTESTED RIGHT TO A FEE AWARD?
B. WHETHER, IN THE ABSENCE OF EXCEPTIONAL CIRCUMSTANCES, ATTORNEYS' FEES, OTHERWISE AWARDABLE, MAY BE RECOVERED FOR THE ADDITIONAL ATTORNEYS' EFFORTS IN LITIGATING THE *333 AMOUNT OF FEES ULTIMATELY AWARDED?
The second district recently held that attorneys' fees for litigating the issue of attorneys' fees are disallowed when the prevailing party has no interest in the fee recovered. U.S. Security Ins. Co. v. Cole, 579 So.2d 153 (Fla. 2d DCA 1991); see also B & L Motors, Inc. v. Bignotti, 427 So.2d 1070, 1074 (Fla. 2d DCA 1983) (if the client has no interest in attorneys' fee award for work done to obtain the statutory attorneys' fee award, then no such award is proper; however, if the fee award is in the interests of the client and if the fee arrangement contemplated payment for that work, the trial court should order additional fees for that work since the additional fees would benefit the client), disapproved on other grounds, Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985).
On the other hand, the first, third, and fifth districts apparently permit recovery of attorneys' fees for litigating the issue of fees. See Ganson v. State, Dept. of Admin., 554 So.2d 522, 525 (Fla. 1st DCA 1989) ("it also appears to be well settled that attorney fees may also be recoverable for the time spent litigating entitlement to attorney fees"), rev'd on other grounds, 566 So.2d 791 (Fla. 1990); Tiedeman v. City of Miami, 529 So.2d 1266, 1267 (Fla. 3d DCA 1988) ("attorneys' fees were properly awardable under the above statute for, among other things, litigating the amount of fee to be awarded"); Earnest v. Southeastern Fidelity Ins. Co., 407 So.2d 995 (Fla. 3d DCA 1982) (an insurance case in which such fees were awarded without explanation, in accordance with the earlier Gibson decision); Gibson.
In short, there is no uniform rule regarding such fees. In this district, the only case supporting appellant's argument that the attorneys' fee award was improper is Cincinnati, which Gibson effectively distinguished as discussed above. Moreover, notwithstanding Pirretti's implication (through its attempt to distinguish Cincinnati) that an attorneys' fee award for litigating the issue of attorneys' fees may be improper where the client has no interest in the award, we find the instant case distinguishable from Pirretti, which was based on section 517.211(6). Here, the instant statute awards trial and appellate attorneys' fees to the prevailing party in an insurance dispute, regardless of whether such an award would be "unjust."
Appellant next argues that the trial court erroneously assumed that application of a multiplier was mandatory, as indicated by its statement that the 2.6 multiplier was the law of the case. Clearly, application of a multiplier is discretionary with the trial court, as appellant claims. Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990). However, just because the trial court found 2.6 to be the proper multiplier as determined by the law of the case does not unequivocally show that it considered use of the multiplier mandatory as established by the earlier appeal.
However, appellant's argument that the 2.6 multiplier exceeded the range established in Quanstrom and was thus improper is meritorious. In Quanstrom, the supreme court modified the multiplier set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), as follows:
If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5. Accordingly, our Rowe decision is modified to allow a multiplier from 1 to 2.5. We find that this modification should apply to all cases in which the trial court has not set attorneys' fees as of the date this opinion is released [January 11, 1990].
Quanstrom, 555 So.2d at 834.
Here, the final order appealed granting attorneys' fees was entered on August 22, 1990, approximately eight months after the release of Quanstrom. Thus, Quanstrom applies and the multiplier should not have *334 exceeded 2.5. Appellee relies upon the supreme court's language in Palma that the 2.6 multiplier was applied properly because "[t]he reduced multiplier range has only prospective application to attorneys' fees determined after the date of the release of Quanstrom." Palma, 555 So.2d at 838. However, this reliance appears misplaced since the attorneys' fee award discussed in Palma is not the same attorneys' fee award presently appealed.
For this reason, Quanstrom applies and the final judgment is reversed with directions to apply the range of multipliers established in Quanstrom.
Our disposition renders appellant's point II on appeal moot and we therefore do not discuss it here.
For the reasons indicated, we reverse and remand for a new determination of the amount of attorneys' fees to be awarded in light of the Quanstrom opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DOWNEY and DELL, JJ., concur.