606 So.2d 628 (1992)
UNITED STATES FIDELITY AND GUARANTY CO., Appellant,
v.
Rafael ROSADO, Appellee.
No. 91-1331.
District Court of Appeal of Florida, Third District.
August 11, 1992.
Rehearing Denied November 10, 1992.
*629 Frazio, Dawson, DiSalvo, Cannon, Levine, Abers & Podrecca and Marcia E. Levine, Ft. Lauderdale, for appellant.
Carlos Lidsky, Hialeah, for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Three issues are presented in this challenge to an attorney's fee award: (1) there was no entitlement to an award of fees for time expended in litigating the amount of fees that should be awarded; (2) there was no entitlement to fees for work which was performed prior to filing the complaint for PIP benefits; and (3) the trial court abused its discretion in awarding a fee to the plaintiff's expert witness.
We affirm the award of fees for time spent in litigating the amount of fee on the authority of Sonara v. Star Casualty Ins. Co., 603 So.2d 661 (Fla. 3d DCA 1992).[1]
The award of attorney fees for work performed by plaintiff's attorney prior to the filing of the lawsuit is reversed and remanded for a determination whether the pre-suit work, particularly those legal services rendered prior to providing the insurer with proof of claims, was necessitated by the insurer's unreasonable conduct. See Wollard v. Lloyd's & Cos. of Lloyd's, 439 So.2d 217 (Fla. 1983), at 219 n. 2.
The award of an expert witness fee is reversed on the authority of Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985), which holds that although a trial court may tax, as costs, an expert witness fee for a lawyer who testifies as an expert as to reasonable fees, the attorney should expect compensation "only in the exceptional case where the time required for preparation and testifying is burdensome." Id. at 1186. Accord Orlando Regional Medical Center v. Chmielewski, 573 So.2d 876, 883 (Fla. 5th DCA 1990), rev. denied, 583 So.2d 1034 (Fla. 1991). The award of an expert witness fee in this simple PIP case, which settled six days after the case was filed, was an abuse of discretion.
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
NOTES
[1] In Sonara, the question was certified: Whether an insured in a successful suit against an insurer for insurance benefits and attorney's fees under a contract of insurance is entitled to an attorney's fee award under section 627.428, Florida Statutes (1989), for prosecuting the entire claim, or only for prosecuting the claim for insurance benefits to the exclusion of the claim for attorney's fees.