HUBBART, Judge.
The central question presented for review by this appeal is whether an insured in a successful suit against an insurer for insurance benefits and attorney’s fees under a contract of insurance is entitled to an attorney’s fee award under Section 627.428, Florida Statutes (1989), for prosecuting the entire claim, or only for prosecuting the claim for insurance benefits to the exclusion of the claim for attorney’s fees. For the reasons which follow, we conclude that the insured is entitled to attorney’s fees for prosecuting the entire claim and accordingly reverse the order under review which specifically excluded an award of attorney’s fees for prosecuting the claim for attorney’s fees. We further certify that the above question is one of great public importance so as to permit further review of this case by the Florida Supreme Court under Article V, Section 3(b)(4) of the Florida Constitution.
I
On August 25, 1989, the plaintiff Jorge L. Sonara was injured in an automobile accident and made a claim for personal injury protection (PIP) benefits from his insurer, the defendant Star Casualty Insurance Company. The defendant insurer initially denied the claim, and, accordingly, the plaintiff filed suit below to collect PIP benefits as well as attorney’s fees. Subsequently, the defendant changed its position and agreed to pay the plaintiff’s PIP claim and a reasonable attorney’s fee, but did not agree to the amount of attorney’s fees claimed by the plaintiff. The plaintiff consequently continued to press his attorney’s fee claim, and in that endeavor, prepared a case on this issue for trial.
On July 17, 1990, the trial court conducted an evidentiary hearing on the plaintiff’s attorney’s fee claim and thereafter entered a written order awarding the plaintiff $2,017.50 in attorney’s fees using the lodestar approach. In determining the amount of reasonable hours expended by plaintiff’s counsel in this case, the trial court concluded in the order under review:
“This Court determines, sitting in its fact[] finding capacity, that the reasonable hours expended by [ajttorney Carlos Lidsky in the representation of the Plaintiff in this case are 13.45 hours. In making this determination, this court has awarded a fee for the reasonable hours expended by attorney Carlos Lidsky in collecting personal injury protection benefits from the commencement of his representation through the filing of the law *663 suit. This court has not made an award for the reasonable hours expended by attorney Carlos Lidsky subsequent to the insurance company/defendant’s agreement to pay the benefits due and a reasonable attorney’s fee, incurred in determining what constitutes a reasonable attorney’s fee in this case.”
R. 20-21 (emphasis added).
The plaintiff appeals, contending that the trial court erred in excluding from the attorney’s fee award the time which plaintiffs counsel expended in prosecuting the attorney’s fee claim against the defendant.
II
Section 627.428(1), Florida Statutes (1989), provides that upon a successful conclusion to a suit in which an insured seeks to enforce his/her insurance contract against the insurer, the insured is entitled to an award of reasonable attorney’s fees against the insurer for “prosecuting the suit in which the recovery is had.” “[U]pon [such a] suit being filed, the relief sought [is] both the policy proceeds and attorney’s fees, and so long as the insurer fail[s] to voluntarily pay any part of the relief sought, it continue[s] to contest the policy, and thus even though the claim at that point is limited to the recovery of attorney’s fees, it is nonetheless a claim under the policy.” Cincinnati Ins. Co. v. Palmer, 297 So.2d 96, 99 (Fla. 4th DCA 1974) (citations omitted). It therefore follows that where, as here, the insurer pays the insurance benefits sought after suit has been filed by the insured to enforce the insurance contract, but the insurer declines to pay the claim for attorney’s fees, the insurer is still contesting the insured’s claim under the insurance contract and therefore the insured is entitled to an attorney’s fees award under Section 627.428(1) for prosecuting the entire claim to a successful conclusion. State Farm Fire & Casualty Co. v. Palma, 585 So.2d 329 (Fla. 4th DCA 1991); Earnest v. Southeastern Fidelity Ins. Co., 407 So.2d 995 (Fla. 3d DCA 1981); Gibson v. Walker, 380 So.2d 531 (Fla. 5th DCA 1980). Indeed, the purpose of such an award under Section 627.-428(1), is “to discourage the ‘contesting’ of insurance policies and to reimburse successful insureds reasonably for their outlays for attorney’s fees, when they are compelled to defend or sue to defend their contracts.” Florida Rock & Tank Lines, Inc. v. Continental Ins. Co., 399 So.2d 122, 124 (Fla. 1st DCA 1981). This public policy would clearly be defeated if the insurer is able, as urged, to contest the insured’s claim for attorney’s fees under the insurance contract and yet avoid any liability for attorney’s fees in prosecuting that claim.
Moreover, we think the insurer should be required to pay for such fees regardless of whether the insured has a technical interest in such fees when the award is made, which fees upon collection would be turned over to the insured’s attorney — or whether, in lieu of this procedure, the insured has relinquished any interest in the fees to his/her attorney prior to the collection of same as a means of retaining the attorney to prosecute the suit under a contingency contract. Under either contractual arrangement, (1) the insured clearly has a substantial interest in his/her attorney’s fee claim as this claim is used as a basis for retaining the attorney in the first instance, and (2) the attorney, in any event, ultimately receives the award. This being so, we reject the rule of the First and Second Districts that absolves the insurer of any liability to pay these fees where it is shown that the insured has turned over his interest in the fees to his/her attorney by the time the award is made as a means of initially retaining the attorney. See, e.g., State Farm Mut. Auto. Ins. Co. v. Moore, 597 So.2d 805 (Fla. 2d DCA 1992); U.S. Sec. Ins. Co. v. Cole, 579 So.2d 153 (Fla. 2d DCA), rev. denied, 591 So.2d 631 (Fla.1991); Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92, 96 (Fla. 1st DCA 1989). Such a requirement exalts form over substance and, in so doing, tends to defeat the very purpose for such an award, namely, to discourage insurers from contesting legitimate claims made by their insureds under the contract of insurance.
We recognize that in other contexts under other statutes an attorney’s fee award *664 for prosecuting a claim for attorney’s fees may not be compensable, as, for example, in workers’ compensation cases, Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351, 353 (Fla.1987) (attorney time spent in determining entitlement to an attorney’s fee compensable, but not attorney time spent establishing the amount of the fee); or estate cases, In re Estate of Platt, 586 So.2d 328, 336 (Fla.1991); or eminent domain cases, Dade County v. Oolite Rock Co., 311 So.2d 699 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 20 (Fla.1976). Different statutes with different policy considerations may very well dictate different results on this question. See also Tiedeman v. City of Miami, 529 So.2d 1266 (Fla. 3d DCA 1988) (attorney’s fees for prosecuting a section 57.105 motion for attorney’s fees held compensable). None of these cases, however, can control on the question presented in this case, namely, whether such attorney’s fees are compensable under Section 627.428(1), Florida Statutes (1989) — which, for the reasons previously stated, we have concluded that they are.
Ill
Based on the above-stated principles of law, it is clear that the trial court erred in excluding from the plaintiff’s attorney’s fee award the reasonable hours which plaintiff’s counsel spent in prosecuting the plaintiff’s claim for attorney’s fees after the defendant paid on the insurance benefit claim but not the attorney’s fee claim. The fact that the plaintiff retained his counsel on a contingent fee basis and agreed to pay the attorney whatever the court awarded as a reasonable fee under section 627.-428(1), Florida Statutes (1989), cannot change this result. The plaintiff obviously has an interest in this fee award as clearly he would have been unable to retain an attorney without it.
The final order under review is reversed insofar as it excludes from the attorney's fee award the reasonable hours expended by plaintiff’s counsel in prosecuting the plaintiff’s attorney’s fee claim in this case, and the cause is remanded to the trial court with directions to recalculate the attorney’s fee award by including the reasonable hours of attorney time in prosecuting the attorney’s fee claim.
Reversed and remanded.