PER CURIAM.
This is an appeal from the trial court’s order denying attorney’s fees to appellant’s EEZZZZ-ON’s attorney. Appellee Bankers sued its insured EEZZZZ-ON asking the trial court to declare that EEZZZZ-ON was not covered under its liability insurance policy for an accident involving one of its trailers. EEZZZZ-ON through its attorney defended the action. Bankers later voluntarily dismissed the action and paid EEZZZZ-ON the full amount of the policy limits and the trial court awarded EEZZZZ-ON an attorney’s fee for services rendered until that point.
We determine that only one issue merits discussion, that is whether appellant’s attorney was entitled to a fee for litigating the issue of attorney’s fees. This court in State Farm Mutual Automobile Ins. Co. v. Moore, 597 So.2d 805, 807 (Fla. 2d DCA 1992) held:
An attorney cannot be awarded fees for time spent litigating the issue of attorney’s fees where the client, as prevailing party, has no interest in the fee recovered. U.S. Security Insurance Co. v. Cole, 579 So.2d 153 (Fla. 2d DCA 1991).
In this case the insured as the prevailing party had no interest in the fee sought by appellant’s attorney. Accordingly, we affirm.
We note as we did in Cole that our conclusion puts us in conflict with decisions of our sister courts. See, e.g., Sonara v. Star Casualty Ins. Co., 603 So.2d 661 (Fla. 3d DCA 1992); State Farm Fire & Casualty Co. v. Palma, 585 So.2d 329 (Fla. 4th DCA 1991); Ganson v. State, Dep't of Administration, 554 So.2d 522 (Fla. 1st DCA 1989); rev’d on other grounds, 566 So.2d 791 (Fla.1990); Gibson v. Walker, 380 So.2d 531 (Fla. 5th DCA 1980).
FRANK, A.C.J., PARKER, J., and SCHEB, JOHN M., Senior Judge, concur.