DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNITED AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**XUNDA A. GIBSON, M.D., P.A.** d/b/a **PREMIER URGENT CARE CENTER** a/a/o **JEAN BAPTISTE OCHELIN,**
Appellee.

No. 4D22-1186

[February 15, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Steven P. DeLuca, Judge; L.T. Case No. CONO19014213.

Michael J. Neimand, House Counsel of United Automobile Insurance Company, Miami, for appellant.

David B. Pakula of David B. Pakula P.A., Pembroke Pines, Abraham Ovadia of Ovadia Law Group, Boca Raton, and Mac S. Phillips of Phillips Tadros, P.A., Fort Lauderdale, for appellee.

KLINGENSMITH, C.J.

United Automobile Insurance Company ("Insurer") appeals a final judgment awarding attorney's fees and costs to Xunda Gibson, M.D. ("Doctor"). At issue is whether the trial court abused its discretion in awarding pre-suit attorney's fees for time spent prior to the underlying suit being filed. We hold this was error and reverse.

The instant case stems from a lawsuit regarding an assignment of benefits on a PIP case. Insurer filed a confession of judgment in the amount of $21.31 in benefits and $7.00 in interest and conceded Doctor's entitlement to attorney's fees. Doctor then moved for attorney's fees based on section 627.428, Florida Statutes (2019), as well as Insurer's confession of judgment. Doctor's motion, however, did not request fees based on Insurer's conduct nor did it mention any unreasonable conduct allegedly committed by Insurer.

The trial court granted Doctor's motion for attorney's fees in the amount of $10,328.80 with interest. Out of the 34.8 hours sought, the court found 24.7 hours to be compensable, including pre-suit fees totaling 2.10 hours spent prior to the filing of the underlying suit. Although Doctor's expert opined on the reasonableness of Insurer's pre-suit conduct, the court's final order did not mention whether the pre-suit hours awarded were based in any way on Insurer's conduct.

"A trial judge's award of attorney's fees and costs is reviewed under an abuse of discretion standard of review." *Campbell v. Campbell*, 46 So. 3d 1221, 1223 (Fla. 4th DCA 2010). Courts have held that pre-litigation attorney's fees can be compensable only when the accrued fees are *the result of an insurer's unreasonable conduct. See U.S. Fid. and Guar. Co. v. Rosado*, 606 So. 2d 628, 629 (Fla. 3d DCA 1992) (finding no entitlement to attorney's fees for pre-suit work absent a finding of unreasonable conduct).

Doctor's motion for attorney's fees was not founded upon Insurer's purported unreasonable conduct, nor does the trial court's order granting fees discuss whether Insurer acted unreasonably. Further, the record on appeal does not reflect unreasonable conduct by Insurer that could have supported an award of pre-suit fees. *Cf. Alt. Dev., Inc. v. St. Lucie Club & Apartment Homes Condo. Ass'n*, 608 So. 2d 822, 828 (Fla. 4th DCA 1992) (affirming a fee award because the record on appeal "contain[ed] competent, substantial evidence" supporting the award and the facts were "set forth in great detail in the final judgment"). While Insurer's failure to pay the claim detailed in the demand letter was admittedly wrong, actions of this type are common in many instances where an insurance company is named in a PIP lawsuit, and, standing alone, does not constitute unreasonable conduct.

Therefore, we reverse the lower court's award of pre-suit attorney's fees and remand for entry of a judgment consistent with this opinion. We affirm on all other issues raised without comment.

*Affirmed in part, reversed in part, and remanded.*

GERBER and ARTAU, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2