# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-391
Lower Tribunal No. 2021CC494

_____

JOHN SULZER and JEANETTE ROBERTS SULZER,

Appellants,

v.

AMERICAN INTEGRITY INSURANCE COMPANY OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Hendry County.
Darrell R. Hill, Judge.

January 8, 2024

PER CURIAM.

This case concerns Section 627.70152, Florida Statutes, which was enacted by the Florida Legislature in 2021.[1] The Appellants, John Sulzer and Jeanette Roberts Sulzer ("the Insureds"), purchased a property insurance policy from Appellee, American Integrity Insurance Company of Florida ("the Insurance Company"), prior to the enactment of Section 627.70152. After allegedly suffering

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

an insured loss, the Insureds submitted a claim to the Insurance Company for coverage under the insurance policy, which the Insurance Company denied. Both the policy's coverage period and the Insureds' alleged loss happened before the statute's enactment. After the statute's effective date, the Insureds filed a lawsuit against the Insurance Company for breach of their insurance policy without first filing a pre-suit notice under Section 627.70152. The Insurance Company filed a motion to dismiss based on the Insureds' failure to file the pre-suit notice, which the trial court granted. The Insureds then filed this appeal contending that the trial court erred by holding that they were required to file the pre-suit notice before bringing their lawsuit.

Based on this Court's recent decision in *Hughes v. Universal Property & Casualty Insurance Co.*, No. 6D23-296, 2023 WL 8108671 (Fla. 6th DCA Nov. 22, 2023), we reverse the trial court's order granting the motion to dismiss and remand this case to the trial court for further proceedings consistent with *Hughes*. For the same reasons set forth in *Hughes*, we certify this decision to be in direct conflict with *Cole v. Universal Property & Casualty Insurance Co.*, 363 So. 3d 1089 (Fla. 4th DCA 2023).

REVERSED and REMANDED. CONFLICT CERTIFIED.

SMITH and MIZE, JJ., concur; and each concurs specially, with separate opinions. WHITE, J., concurs in result, with opinion.

2

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED
_____

SMITH, J., concurring.

I write this special concurring opinion to point out what I think is a slight yet important clarification in approaching matters of legislative retroactivity. That clarification revolves around whether the court must first perform a threshold inquiry to determine whether a statute is substantive versus procedural prior to engaging in the two-prong test set forth in *Old Port Cove Holdings, Inc. v. Old Port Cove Condominium Ass'n One, Inc.*, 986 So. 2d 1279 (Fla. 2008), *Metropolitan Dade County v. Chase Federal Housing Corp.*, 737 So. 2d 494 (Fla. 1999), and *Menendez v. Progressive Express Insurance Co.*, 35 So. 3d 873 (Fla. 2010). The two prongs are 1) whether the Legislature clearly expressed an intent for the statute to apply retroactively, and 2) whether any constitutional principles would be violated by retroactive application. *Old Port Holdings, Inc.*, 986 So. 2d at 1284; *Chase Fed.*, 737 So. 2d at 499; *Menendez*, 35 So. 3d at 877.

In *Florida Insurance Guaranty Ass'n Inc. v. Devon Neighborhood Ass'n Inc.*, 67 So. 3d 187 (Fla. 2011), the Florida Supreme Court addressed the potential retroactive effect of a modification to section 627.7015, Fla. Stat. (2005), which expanded the scope of the statute to include commercial residential insurers.

3

Because of the amendment to the statute, commercial residential insurers were required to pay the cost of mediation, and failure to notice mediation resulted in the loss of an existing contractual right to appraisal. *Devon*, 67 So. 3d at 194–95.

In analyzing whether to give the statutory amendment retroactive effect, the court began with the threshold question of determining whether the "presumption against retroactivity" should apply. *Id.* at 194. The court discussed the "general rule" which had been previously set forth in *State Farm Mutual Automobile Insurance v. Laforet*, 658 So. 2d 55, 61 (Fla. 1995), "where we stated 'a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but . . . **a procedural or remedial statute is to operate retrospectively**.' *Laforet*, 658 So. 2d at 61. However, we cautioned in *Chase Federal* that 'if a statute accomplishes a remedial purpose by creating new substantive rights or imposing new legal burdens, the presumption against retroactivity would still apply.' *Chase Fed.*, 737 So. 2d [494,] 500 n. 9. [(Fla. 1999)]." *Devon*, 67 So. 3d at 194 (emphasis added). The court then continued with its threshold inquiry, concluding that the amendment was substantive, and therefore the presumption against retroactivity would apply:

> In the present case, the statute in effect in 2004 when the policy was issued did not deprive a commercial residential insurer of its contractual right to require an appraisal of a claimed loss; the statute did not affect commercial residential insurance policies in 2004. The 2005 amended statute extended its reach to commercial residential

insurers, requiring them to pay the cost of mediation and imposing the notice requirement on them. The amendments further imposed a new penalty on both commercial residential insurers as well as homeowners' residential insurers—the loss of the right to the contractual appraisal if the insurer fails to give notice of the mediation alternative. Thus, section 627.7015 as amended in 2005 cannot be characterized as simply procedural or remedial, but was clearly substantive. Therefore, the presumption against retroactive application of the substantive amendments to section 627.7015 applies in this case.

*Id.* at 194–95.

Only after first determining the statute was substantive did the court begin to apply the two-prong test.

Arguably, the majority opinion in *Hughes v. Universal Property & Casualty Insurance Co.*, 6D23-296, 2023 WL 8108671 (Fla. 6th DCA Nov. 22, 2023), engages, at least implicitly if not expressly, in a threshold inquiry as required by *Devon* prior to engaging in the two-prong test. Under the portion of the *Hughes* opinion with the heading "Section 627.70152, Florida Statutes (2021)," the majority performs a detailed analysis of the statute and its potential substantive effect. *Id.* The majority concludes, "In sum, section 627.70152 significantly alters an insurer's obligation to pay and an insured's right to sue under a property insurance policy." 2023 WL 8108671 at *4. This section of the majority opinion effectively addresses what I term the "threshold inquiry" for retroactivity, which is whether the statute is substantive versus procedural.

5

The *Hughes* majority then continues with the two-prong inquiry, starting with prong one, the search for a clearly expressed legislative intent for retroactive application. I concur entirely with section II(a) of *Hughes*, that being the court's analysis and conclusion that section 627.70152 lacks such a clear expression.

I divert from the majority in *Hughes* when, after concluding there is no clear legislative intent for retroactivity, the court continues with an analysis of the second prong. I would follow the Florida Supreme Court's footsteps in *Devon*, which was to stop the analysis after recognizing the statute failed prong one: "Because we have reached this conclusion under prong one of the two-prong test, we need not address whether retroactive application of the amendments would be constitutional. *See Old Port Cove*, 986 So. 2d at 1284." *Devon*, 67 So. 3d at 197. Whether a statute such as section 627.70152 could be applied retroactively without violating any constitutional principles is a question to be left for another day.

—————————————————

MIZE, J., concurring.

I fully agree with this Court's recent opinion in *Hughes v. Universal Property & Casualty Ins. Co.*, No. 6D23-296, 2023 WL 8108671 (Fla. 6th DCA Nov. 22, 2023). I write to address an additional aspect by which the pre-suit notice process set forth Section 627.70152(3), Florida Statutes (2021), presents a substantive change to an insured's legal rights under a property insurance policy, at least under

6

Third District precedent that was binding statewide until the enactment of Section 627.70152.

Prior to the enactment of Section 627.70152, recovery of attorneys' fees in claims brought under insurance policies, including property insurance policies, was governed by Section 627.428, Florida Statutes (2019). This section provided that claimants in suits arising under insurance policies were entitled to recover reasonable attorneys' fees incurred in any action in which a judgment was rendered in favor of the insured, without regard to the amount of recovery.[2] Applying Section 627.428, the Third District held that a claimant could recover attorneys' fees

---

[2] The bill enacting Section 627.70152 also amended Section 627.428 such that claimants in suits arising under property insurance policies not brought by assignees are no longer entitled to recover reasonable attorneys' fees incurred in any action in which a judgment is rendered in favor of the insured, without regard to the amount of recovery. Instead, the amounts of attorneys' fees awards in such lawsuits are governed by Section 627.70152(8), which provides a specific method for determining the amount of an award of attorneys' fees based on the amount of recovery. As noted in *Hughes*, the change to the method of calculating awards of attorneys' fees may be severable from the pre-suit notice requirement of Section 627.70152(3) for purposes of determining retroactivity. 2023 WL 8108671 at *3 n.4. However, the subject of this concurrence, which is the complete elimination of a claim for pre-litigation attorneys' fees under *U.S. Fidelity & Guaranty Co. v. Rosado*, 606 So. 2d 628, 629 (Fla. 3d DCA 1992), is directly caused by the pre-suit notice process created by Section 627.70152 and cannot be severed therefrom. On December 16, 2022, the Governor signed into law a bill further amending Section 627.428 and removing completely subsection (8) of Section 627.70152. These amendments eliminated completely an insured's statutory right to recover attorneys' fees in an action brought under a residential or commercial property insurance policy. This concurrence addresses the law as it stood at the time that Appellants filed their lawsuit below, which was after the enactment of Section 627.70152 but prior to the removal of subsection (8).

incurred prior to litigation only if the attorneys' fees resulted from an insurer's unreasonable conduct. *U.S. Fid. & Guar. Co. v. Rosado*, 606 So. 2d 628, 629 (Fla. 3d DCA 1992); *see also United Auto. Ins. Co. v. Gibson, M.D., P.A.*, 355 So. 3d 955, 956 (Fla. 4th DCA 2023) (noting the holding from *Rosado*).[3]  As far as I can find, no district court of appeal in Florida ever disagreed with this holding.  Therefore, the Third District's holding on this matter was binding on all trial courts in the state.[4] *See Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts.").

Thus, prior to the enactment of Section 627.70152, where a claimant's insurer acted unreasonably prior to litigation, the claimant possessed a claim against the insurer for attorneys' fees incurred both prior to litigation and during the litigation. As to attorneys' fees incurred during litigation, the pre-suit notice requirement of Section 627.70152 merely delays a claimant's ability to seek attorneys' fees and, if the claim is resolved during the pre-suit notice process, the attorneys' fees incurred during litigation will never be incurred because there will be no litigation.  However, as to an insured's claim for pre-litigation attorneys' fees incurred pursuant to *Rosado*

---

[3] While *Rosado* concerned PIP insurance rather than property insurance, Section 627.428 governed awards of attorneys' fees for all claims brought under insurance contacts prior to the enactment of Section 627.70152, so *Rosado* was equally applicable to cases involving property insurance policies.

[4] I express no opinion as to whether *Rosado* was correctly decided.  I only note that *Rosado* was binding statewide for twenty-nine years.

due to an insurer's unreasonable conduct (assuming the insurer committed unreasonable conduct), this claim is not delayed – it is completely eliminated by the pre-suit notice process despite the fact that the attorneys' fees may have already been incurred.

Consider an insured that makes a claim on the insured's property insurance policy. If the insurer acts unreasonably, prior to the enactment of Section 627.70152, an insured that hired an attorney to handle the claim accrued a claim for pre-litigation attorneys' fees which the insured could recover once the insured brought suit against the insurer for breach of the insurance policy. After the enactment of Section 627.70152, that insured will now have to file a pre-suit notice prior to filing suit against the insurer that acted unreasonably and thereby caused the insured to accrue pre-litigation attorneys' fees. If the insurer pays the claim during the pre-suit notice process, the insured will never be able to bring suit to recover the already incurred pre-litigation attorneys' fees. That claim for attorneys' fees already incurred will simply be extinguished. The extinguishment of a statutory right to attorneys' fees is a substantive change to a statute. *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 878 (Fla. 2010).

————————————————————

WHITE, J., concurring in result, with opinion.

For the reasons I expressed in *Hughes v. Universal Property & Casualty Insurance Co.*, No. 6D23-296, 2023 WL 8108671 (Fla. 6th DCA Nov. 22, 2023) (White, J., concurring in result, with opinion),[5] I agree that in this case the trial court erred by granting the Insurance Company's motion to dismiss.  Therefore, I concur in the judgment to reverse and remand.

_____

Paul B. Feltman, of Alvarez, Feltman, Da Silva & Costa, PL., Miami, and Justin Cernitz, of Cernitz, Shabron, LLC, Miami, for Appellants.

V. Ashley Paxton, Thomas L. Hunker, and Sarah Hafeez, of Hunker Appeals, Fort Lauderdale, for Appellee.

---

[5] Under the circumstances, I conclude that I am not required to adopt the majority opinion in *Hughes*.  *See Normandy Ins. Co. v. Bouayad*, No. 1D21-1717, 2023 WL 5255768 (Fla. 1st DCA Oct. 20, 2023) (Tanenbaum, J., concurring in the denial of rehearing en banc, part I).